Filed 12/8/15  P. v. Robbins CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TERRANCE LIONEL ROBBINS,<br><br>    Defendant and Appellant. | B264399<br><br>(Los Angeles County<br>Super. Ct. No. YA031673) |

APPEAL from an order of the Superior Court of Los Angeles County, Jose I. Sandoval, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant, Terrance Lionel Robbins, appeals from the denial of his motion to correct a legally unauthorized sentence. We appointed counsel to represent defendant on appeal. After examination of the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested we independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) On August 13, 2015, we advised defendant he had 30 days within which to personally submit any contentions or arguments he wished us to consider. No response has been received. We have examined the entire record and there are no grounds to modify the August 22, 1997 indeterminate sentence.

Defendant was convicted on October 7, 1982, of deadly weapon assault. (Pen. Code[1], § 245, subd. (a); Stats. 1980, ch. 1340, § 3.2, p. 4719.) On December 21, 1988, defendant was convicted following a jury trial of two counts of second-degree robbery. (§ 211.) On June 17, 1997, defendant was again convicted of second degree robbery. On August 22, 1997, defendant received an indeterminate 35-years-to-life sentence. He received 25 years to life for the second degree robbery conviction. (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A); Stats.1994, ch. 12, § 1, pp. 71, 74; Stats. 1994, Initiative Statutes, Prop. 184, pp. A-314, A-316.) In addition, defendant received two additional section 667, subdivision (a) five year enhancements because of his prior 1988 serious felony convictions The prior serious felony conviction enhancement was later reduced to five years. On May 24, 2000, defendant was formally resentenced to a term of 30 years to life. It is this indeterminate sentence that defendant challenged in the trial court in his motion to correct a legally unauthorized sentence.

In the trial court, defendant relied upon *People v. Vargas* (2014) 59 Cal.4th 635, 638-639. In *Vargas*, our Supreme Court held: "Defendant's two prior felony convictions—one for robbery and one for carjacking—were not only tried in the same proceeding and committed during the same course of criminal conduct, they were based

---

[1]     Further statutory references are to the Penal Code.

2

on the same act, committed at the same time, against the same victim.  As we explain, because neither the electorate (§ 1170.12) nor the Legislature (§ 667, subds. (b)-(i)) could have intended that both such prior convictions would qualify as separate strikes under the Three Strikes law, treating them as separate strikes is inconsistent with the spirit of the Three Strikes law, and the trial court should have dismissed one of them and sentenced defendant as if she had only one, not two, qualifying strike convictions." (*People v. Vargas, supra,* 59 Cal.4th at pp. 638-639.)  In the trial court, citing *Vargas*, defendant contended his two 1988 robbery convictions stemmed from the same act and should be treated as only one qualifying prior felony conviction.   In 1988, defendant was convicted of robbing a flower shop.  Defendant robbed both the manager and a customer.  Thus, because there were two separate victims, *Vargas* has no application to the present case. (*Ibid.*; *People v. Rusconi* (2015) 236 Cal.App.4th 273, 275, 281.)

The May 4, 2015 order denying defendant's resentencing motion is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.



We concur:



MOSK, J.



KRIEGLER, J.


3