Opinion
GEORGE, C. J.—
We are called upon to determine whether the offense of gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a))[1] is a lesser included offense of murder. (§ 187.) We conclude, as did the Court of Appeal, that it is not.
I
Defendant was charged by information filed July 5, 1995, with (1) the murder of Royal Williams (§ 187); (2) gross vehicular manslaughter while *986 intoxicated (based upon the death of Royal Williams) (§ 191.5, subd. (a)); (3) driving under the influence of alcohol, causing injury to Richard Conrad (Veh. Code, § 23153, subd. (a)); (4) driving with a blood-alcohol level in excess of .08 percent with injury to Richard Conrad (Veh. Code, § 23153, subd. (b)); (5) hit-and-run driving, causing injury (Veh. Code, § 20001, subd. (a)); and (6) perjury (§ 118). As to counts 2, 3, and 4, it also was alleged that defendant caused death and bodily injury to more than one victim within the meaning of former Vehicle Code section 23182. (See Veh. Code, § 23182, as amended by Stats. 1988, ch. 1264, § 1, p. 4199, repealed by Stats. 1998, ch. 118, § 45; see also present Veh. Code, § 23558.)
After a court trial, defendant was found guilty of second degree murder, gross vehicular manslaughter while intoxicated, driving under the influence of alcohol causing injury, and driving with the specified blood-alcohol level, causing injury. The court found defendant not guilty of the hit-and-run charge and dismissed the perjury charge pursuant to section 1118.
The court sentenced defendant to a term of 15 years to life in prison on count 1 (the second degree murder charge). The court ordered that this term be served consecutively to an eight-month term on count 3 (driving under the influence of alcohol, causing injury), a term that the court enhanced with an additional term of eight months, pursuant to former Vehicle Code section 23182. Sentences imposed on counts 2 and 4 (gross vehicular manslaughter while intoxicated, and driving with a specified blood-alcohol level) were stayed.
On appeal, the Court of Appeal modified the judgment, imposing a two-year term on count 3 (driving under the influence of alcohol, causing injury) but staying the enhancement imposed pursuant to Vehicle Code section 23182. It affirmed the judgment in all other respects. We granted defendant’s petition for review.
The evidence considered in the light most favorable to the judgment established that in the early morning hours of April 25, 1995, Richard Conrad and Royal Williams were en route to Taft, where they worked. Conrad, the driver, slowed for a curve but was startled to see an oncoming vehicle in his lane. Conrad swerved to avoid it, but the other vehicle struck Conrad’s Dodge Colt on the passenger side, killing Williams and seriously injuring Conrad. Police accident reconstruction confirmed that the collision occurred in Conrad’s lane.
Defendant was the driver of the other vehicle, a Ford Bronco. In statements to the police and at trial, he claimed that Conrad had been at fault, but *987 gave conflicting accounts of the circumstances of the collision and of his own alcohol consumption preceding the collision. He admitted some alcohol consumption, but denied feeling intoxicated.
Because of various indications that he was under the influence of alcohol, defendant was arrested at the scene, and en route to the police station he commented laughingly that he was scheduled to appear on another driving-under-the-influence charge that morning. He also commented that his wife had told him not to drink and drive. His blood-alcohol level two hours after the collision was .17 percent.
Defendant had sustained two prior convictions for driving under the influence of alcohol, and one additional such charge was pending against him. In 1988, he was arrested after he twice careened into other vehicles, and the driver of one of those vehicles chased him on foot and tackled him. His blood-alcohol level at the time was .19 percent. Upon conviction, his license to drive was suspended, and he was placed on 36 months’ probation. In 1993, defendant again was arrested and convicted of driving under the influence of alcohol, and again was placed on probation. He was ordered to attend a drinking driver’s educational program, but failed to do so. In February 1995, two months prior to his commission of the present offenses, a California Highway Patrol officer found defendant next to an apparently stalled vehicle. Defendant stated that another person was the driver. It appeared to the officer that defendant was under the influence of alcohol, and the officer directed defendant not to drive the automobile. When the officer withdrew, he observed defendant put gas into the vehicle and drive away. Defendant drove 20 miles per hour over the speed limit, failed to put on his vehicle headlights, and weaved among lanes. His blood-alcohol level after he was stopped was between .18 and .19 percent. Charges in that case were pending at the time of trial in the present case.
Defendant had been driving without a valid driver’s license since 1988, when his license was suspended in connection with his first conviction.
II
In most cases “this court has . . . affirmed multiple convictions for a single act or indivisible course of conduct,” leaving it to the sentencing court to determine whether to stay execution of sentence on one or more convictions pursuant to section 654 in order to avoid multiple punishment for the same act. (People v. Pearson (1986) 42 Cal.3d 351, 354, 359 [228 Cal.Rptr. 509, 721 P.2d 595].) A defendant, however, cannot be convicted of both an offense and a lesser offense necessarily included within that offense, based upon his or her commission of the identical act. (Id. at p. 355.)
*988 For purposes of the rule proscribing multiple conviction, “ ‘[u]nder California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser.’ ” (People v. Breverman (1998) 19 Cal.4th 142, 154, fn. 5 [77 Cal.Rptr.2d 870, 960 P.2d 1094].)
As an example of the application of this rule based upon the statutory elements of the crimes involved, we observe that assault with a deadly weapon (§ 245) is not an offense necessarily included within murder, even if the murder in fact is carried out with a deadly weapon. Murder requires proof of an unlawful killing of a human being .committed with malice. (§ 187, subd. (a).) Assault with a deadly weapon requires proof that a deadly weapon was used. Because in the abstract a murder can be committed without a deadly weapon, assault with a deadly weapon is not an offense necessarily included within the crime of murder. (People v. Benjamin (1975) 52 Cal.App.3d 63, 71 [124 Cal.Rptr. 799]; see also People v. Zapata (1992) 9 Cal.App.4th 527, 533 [12 Cal.Rptr.2d 118], disapproved on other grounds in People v. Fields (1996) 13 Cal.4th 289, 305 [52 Cal.Rptr.2d 282, 914 P.2d 832]; In re David S. (1983) 148 Cal.App.3d 156, 158 [195 Cal.Rptr. 754].) Of course, even though a defendant may stand convicted of both a murder and an assault with a deadly weapon for the same act, execution of sentence for one of the offenses normally would be stayed pursuant to section 654. (See, e.g., People v. Siko (1988) 45 Cal.3d 820, 824 [248 Cal.Rptr. 110, 755 P.2d 294]; People v. Parks (1971) 4 Cal.3d 955, 961, fn. 3 [95 Cal.Rptr. 193, 485 P.2d 257].)
We conclude that the same rule should apply in the present case. Although as a factual matter, a murder may be carried out by means of a vehicle and by an intoxicated driver, in the abstract it obviously is possible to commit a murder without committing gross vehicular manslaughter while intoxicated. Accordingly, dual conviction in the present case was appropriate —although the trial court properly avoided dual punishment pursuant to section 654 by staying execution of sentence for the vehicular manslaughter offense.
Gross vehicular manslaughter while intoxicated is defined as follows: “Gross vehicular manslaughter while intoxicated is the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23140, 23152, or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, and with gross *989 negligence, or the proximate result of the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence.” (§ 191.5, subd. (a).)
When we compare the elements of murder with the elements of gross vehicular manslaughter while intoxicated, it appears, as the Court of Appeal concluded, that the statutory elements of murder do not include all the elements of the lesser offense. Gross vehicular manslaughter while intoxicated requires proof of elements that need not be proved when the charge is murder, namely, use of a vehicle and intoxication. Specifically, section 191.5 requires proof that the homicide was committed “in the driving of a vehicle” and that the driving was in violation of specified Vehicle Code provisions prohibiting driving while intoxicated.
Defendant contends that gross vehicular manslaughter while intoxicated merely requires proof of a certain variety of unlawful killing, and that the essential common element of proof in both manslaughter and murder simply is an unlawful killing. We believe this contention is unfounded for the same reason that courts have concluded that assault with a deadly weapon is not an offense necessarily included within the offense of murder. The lesser offense contains crucial elements of proof that are absent from the greater offense, thereby making it possible to commit the greater offense without necessarily committing the lesser offense.
Defendant points to the long-established tradition in this state holding that manslaughter is a lesser included offense of murder. (See, e.g., People v. Pearne (1897) 118 Cal. 154, 157 [50 P. 376]; People v. Muhlner (1896) 115 Cal. 303, 305 [47 P. 128]; People v. Gilmore (1854) 4 Cal. 376, 380; see also People v. McFarlane (1903) 138 Cal. 481, 484 [71 P. 568]; People v. Tugwell (1917) 32 Cal.App. 520, 528 [163 P. 508]; People v. Shimonaka (1911) 16 Cal.App. 117, 121 [116 P. 327].) We agree that the tradition identified by defendant is well established in this state, and that many recent decisions, including numerous decisions of this court, have held that manslaughter is a lesser included offense of murder. “California statutes have long separated criminal homicide into two classes, the greater offense of murder and the lesser included offense of manslaughter. The distinguishing feature is that murder includes, but manslaughter lacks, the element of malice.” (People v. Rios (2000) 23 Cal.4th 450, 460 [97 Cal.Rptr.2d 512, 2 P.3d 1066].) We also have stated: “It has long been the law that a ‘charge of murder includes by implication a charge of the lesser degree of murder as well as voluntary and involuntary manslaughter.’ [Citations.]” (People v. Thomas (1987) 43 Cal.3d 818, 824 [239 Cal.Rptr. 307, 740 P.2d 419]; see People v. Breverman, supra, 19 Cal.4th at p. 154; Stone v. Superior Court *990 (1982) 31 Cal.3d 503, 517 [183 Cal.Rptr. 647, 646 P.2d 809]; In re McCartney (1966) 64 Cal.2d 830, 831 [51 Cal.Rptr. 894, 415 P.2d 782]; 1 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Defenses, § 173, p. 529.)
Although the general tradition relied upon by defendant is well established, this court has not previously considered the question whether the settled practice of treating manslaughter as an offense necessarily included within murder should be extended to the more recently created crimes of vehicular manslaughter while intoxicated, and defendant does not identify a tradition of comparable pedigree with respect to such crimes.
Defendant relies upon two Court of Appeal decisions that have held that vehicular manslaughter while intoxicated is an offense necessarily included within the offense of murder. With respect to gross vehicular manslaughter while intoxicated as defined by section 191.5, one court has asserted that although vehicular manslaughter might seem not to be included within murder because it, unlike murder, requires proof that the instrumentality of the killing was a vehicle, in actuality, this requirement is not an element for the purpose of identifying a lesser included offense. (People v. Garcia (1995) 41 Cal.App.4th 1832 [50 Cal.Rptr.2d 127].) The court in Garcia determined that use of a vehicle is merely a circumstance relating to punishment, but not a separate element that is absent from a charge of murder. (Id. at p. 1854.) That court asserted that use of a vehicle is comparable to heat of passion in connection with a charge of voluntary manslaughter—an element that the court asserted must be proved by the prosecution for manslaughter but not for murder, but that does not detract from the character of the crime of manslaughter as a lesser included offense of murder. (Ibid.) Similarly, the Court of Appeal in People v. Watson (1983) 150 Cal.App.3d 313 [198 Cal.Rptr. 26] held that use of a vehicle and intoxication are not elements of vehicular manslaughter while intoxicated, an offense set forth in section 192, but “merely . . . circumstances under which an unlawful killing constitutes manslaughter . . . .” (People v. Watson, supra, 150 Cal.App.3d at p. 322.)[2]
We conclude that these decisions stray too far from the general principle that an offense is necessarily included within a greater offense when the *991 greater offense cannot be committed without committing the lesser offense. In addition, the opinion in People v. Garcia, supra, 41 Cal.App.4th 1832, employed an analogy to voluntary manslaughter that was based upon an erroneous premise. That opinion posited that voluntary manslaughter as defined by section 192 is a lesser included offense within murder even though heat of passion and imperfect self-defense are “extra circumstances” that the prosecution must establish in order to prove an unlawful killing in connection with the offense of manslaughter. The appellate court in Garcia asserted that intoxication and the use of a vehicle function in the same way when the charge is one of gross vehicular manslaughter while intoxicated, pursuant to section 191.5. Our court has very recently explained, however, that provocation and imperfect self-defense are not elements necessary to establish an unlawful killing when the accused is charged with voluntary manslaughter. Rather, they are facts that, in a murder charge, may tend to negate an element of murder, namely, malice. When the charge is voluntary manslaughter alone, they are not elements at all. (People v. Rios, supra, 23 Cal.4th at pp. 462-463.) Accordingly, the appellate court in Garcia erred in equating the relationship of intoxication and the use of a vehicle in the offense of gross vehicular manslaughter while intoxicated with the role of provocation and imperfect self-defense in the crime of voluntary manslaughter. Specifically, that court erred in reasoning that if voluntary manslaughter is a lesser included offense within murder despite the existence of “circumstances” such as provocation that are not present in a murder charge, then gross vehicular manslaughter while intoxicated also is a lesser included offense within murder despite the existence of “circumstances” such as intoxication and the use of a vehicle.[3]
Although it long has been held that manslaughter is a lesser included offense of murder, this tradition has not explicitly included offenses requiring proof of specific elements unique to vehicular manslaughter. Unlike manslaughter generally, vehicular manslaughter while intoxicated requires proof of elements that are not necessary to a murder conviction. The use of a vehicle while intoxicated is not merely a “circumstance,” but an element of proof when the charge is gross vehicular manslaughter while intoxicated. Gross vehicular manslaughter while intoxicated is not merely a degree of murder, nor is it a crime with a lengthy pedigree as a lesser included offense within the crime of murder.
Defendant also relies upon our decision in People v. Ortega (1998) 19 Cal.4th 686 [80 Cal.Rptr.2d 489, 968 P.2d 48]. That case involved the crimes of robbery and theft, rather than murder and manslaughter. In Ortega, *992 we emphasized a particular historical tradition—the long-standing recognition of the law that theft is a lesser included offense of robbery. We observed that the cases have characterized robbery as “ ‘ “simply an aggravated form of theft with the additional element of force or fear, and . . . theft is therefore a lesser but necessarily included offense of robbery.” ’ ” (Id. at p. 695.) We also rejected the notion that factors relating to the degree of an offense necessarily would destroy its character as a lesser included offense. We added that “[f]ocusing upon whether a particular form of theft necessarily is included within the offense of robbery misses the point, recognized in our early case law, that the crime of theft, in one form or another, always is included within robbery.” (Id. at p. 697.)
Our decision in People v. Ortega, supra, 19 Cal.4th 686, is distinguishable from the present case. Gross vehicular manslaughter while intoxicated, as we have noted, is not simply a degree of murder. Although it generally is true that manslaughter is a lesser included offense of murder, because generally manslaughter simply involves an unlawful killing of a human being without malice, gross vehicular manslaughter while intoxicated—like assault with a deadly weapon—requires proof of additional elements that are not included in the offense of murder or in other forms of nonvehicular manslaughter. Finally, to the extent that our opinion in Ortega relied upon an historical practice supporting the general principle that all forms of theft are included within the crime of robbery, the present case also may be distinguished. Although we recognize that historically manslaughter in general has been considered a necessarily included offense within murder, that long and settled tradition has not extended to the more recently enacted forms of vehicular manslaughter that require proof of additional elements.[4]
Although we conclude that under the general California standard for determining greater and lesser included offenses, gross vehicular manslaughter while intoxicated should not be treated as a lesser included offense of murder and thus that a defendant may be convicted of both offenses arising out of the same act, as we have explained above a defendant generally has a right under section 654 not to be punished twice for the same act. Thus, if a defendant is convicted of both offenses based upon the commission of a single act, a trial court generally would be obligated to stay execution of sentence on one of the convictions.
*993 Defendant complains that pursuant to this court’s decision in People v. Benson (1998) 18 Cal.4th 24 [74 Cal.Rptr.2d 294, 954 P.2d 557], in a subsequent prosecution he still could be subject to enhanced punishment under the “Three Strikes” law (see §§ 667, subds. (b)-(i), 1170.12), because he could be treated as having two strikes on the basis of the two convictions. We are not faced with that question in the present case, but we believe it is appropriate and prudent to note that in this court’s decision in Benson, we observed that a trial court may strike a prior felony conviction under section 1385, and that we left open the possibility that “there are some circumstances in which two prior felony convictions are so closely connected . . . that a trial court would abuse its discretion under section 1385 if it failed to strike one of the priors.” (People v. Benson, supra, 18 Cal.4th at p. 36, and fn. 8.)
III
For the foregoing reasons, we affirm the judgment of the Court of Appeal.
Baxter, J., Werdegar, J., and Chin, J., concurred.

All statutory references are to the Penal Code, unless otherwise indicated.

We do not believe we should infer legislative acquiescence in the interpretation by the court in Watson simply because the Legislature in 1986 amended section 192 to retain language referring to vehicular manslaughter while intoxicated but without gross negligence, and transferred to section 191.5 the definition of vehicular manslaughter while intoxicated with gross negligence that formerly was part of section 192. (§ 191.5; see Stats. 1986, ch. 1106, §§ 2, 3, pp. 3880-3882; see former § 192, subd. 3(c) & (d), amended by Stats. 1983, ch. 937, § 1, pp. 3387-3388.) Contrary to the contention of defendant, there is no indication that the Legislature, by transferring language from section 192 to a new code section, intended to express any view on the question of lesser included offenses. (See People v. Morante (1999) 20 Cal.4th 403, 429 [84 Cal.Rptr.2d 665, 975 P.2d 1071] [inference of legislative acquiescence is not conclusive even with a “consistent and long-standing judicial interpretation” of a statute]; People v. King (1993) 5 Cal.4th 59, 75 [19 Cal.Rptr.2d 233, 851 P.2d 27].)

People v. Garcia, supra, 41 Cal.App.4th 1832, and People v. Watson, supra, 150 Cal.App.3d 313, are disapproved to the extent they are inconsistent with this opinion.

Defendant’s request that we take judicial notice of the materials included in the Legislative Intent Service report on the legislative history of section 191.5 is granted. Our decision, .however, does not turn on a distinction between vehicular manslaughter while intoxicated as defined by section 192 and gross vehicular manslaughter while intoxicated as defined by section 191.5. Accordingly, it is unnecessary to determine to what extent the Legislature intended to differentiate between the two offenses when it moved language formerly contained in section 192 to its current position in section 191.5.