Filed 3/27/15  P. v. Ramirez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE A. RAMIREZ,<br><br>    Defendant and Appellant. | B250507<br><br>(Los Angeles County<br>Super. Ct. No. KA100231) |

        APPEAL from a judgment of the Superior Court of Los Angeles County,
George Genesta, Judge.  Affirmed as modified.

        Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and
Appellant.

        Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney
General, James William Bilderback II and Steven E. Mercer, Deputy Attorneys General,
for Plaintiff and Respondent.

_____

Defendant and appellant, Jose A. Ramirez, appeals his conviction for attempted murder, kidnapping, false imprisonment by violence, assault with a deadly weapon, and driving without a license (Pen. Code, §§ 664, 187, 207, 236, 237, 245; Veh. Code, § 12500).[1] He was sentenced to state prison for a term of eight years four months.

The judgment is affirmed as modified.

## BACKGROUND

Viewed in accordance with the usual rule of appellate review (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206), the evidence established the following.

Defendant Ramirez's convictions stemmed from an incident that occurred the day after he broke up with his girlfriend, Reyna Duarte. On November 30, 2012, as Duarte was walking home from work, Ramirez forced her into his car and threatened to kill them both by crashing. He drove wildly at more than 100 miles per hour on the 10 freeway and then slammed his car into a guardrail without braking. Duarte survived the collision.

## CONTENTION

Ramirez was improperly convicted of both kidnapping and false imprisonment by violence for the same conduct.

## DISCUSSION

Ramirez contends, and the Attorney General concedes, that he was improperly convicted of both kidnapping and false imprisonment for the same conduct.

Multiple convictions may not be based on necessarily included offenses. (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034.) "In most cases 'this court has . . . affirmed multiple convictions for a single act or indivisible course of conduct,' leaving it to the sentencing court to determine whether to stay execution of sentence on one or more convictions pursuant to section 654[2] in order to avoid multiple punishment

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

[2]    Section 654, subdivision (a), provides, in pertinent part:  "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

2

for the same act. [Citation.] A defendant, however, cannot be convicted of both an offense and a lesser offense necessarily included within that offense, based upon his or her commission of the identical act. [Citation.]" (*People v. Sanchez* (2001) 24 Cal.4th 983, 987, disapproved on other grounds by *People v. Reed* (2006) 38 Cal.4th 1224, 1228.)

False imprisonment by violence (§§ 236, 237) is a lesser included offense of kidnapping. (*People v. Gibbs* (1970) 12 Cal.App.3d 526, 547; see also *People v. Magana* (1991) 230 Cal.App.3d 1117, 1120-1121; accord *People v. Patrick* (1981) 126 Cal.App.3d 952, 965.) Accordingly, Ramirez was improperly convicted of both kidnapping and false imprisonment.

We will vacate the conviction and sentence for count 3, false imprisonment by violence.

## DISPOSITION

Ramirez's conviction and sentence on count 3 (false imprisonment by violence) is hereby vacated. The judgment is affirmed as modified. The trial court is directed to prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:


KITCHING, J.


ALDRICH, J.

3