MOSK, J.
*345 INTRODUCTION
Defendant and appellant Marvin Travon Hicks (defendant) was convicted of second degree murder (Pen.Code, § 288.7, subd. (a)[1] ) in connection with a vehicular death. At his first trial, defendant was convicted of gross vehicular manslaughter while intoxicated, and the jury deadlocked on the charge of second degree murder. At the second trial for second degree murder, the trial court refused to advise the jury that defendant had been convicted of gross vehicular manslaughter, a lesser related offense, in his first trial. We hold in the published portion of this opinion that the trial court did not err in refusing to give that advisement and affirm the judgment.
BACKGROUND**
DISCUSSION
A.-B.**
C. The Trial Court's Refusal to Advise the Jury That Defendant Had Been Convicted of Gross Vehicular Manslaughter in the First Trial
Defendant contends that the trial court erred when it refused to advise the jury that he had been convicted of gross vehicular manslaughter in the first trial. The trial court did not err.
1. Relevant Facts and Proceedings
Prior to the second trial, defendant's counsel requested that the jury be informed of defendant's conviction for gross vehicular manslaughter in the *346 first trial, relying on People v. Batchelor (2014) 229 Cal.App.4th 1102, 178 Cal.Rptr.3d 28 (Batchelor ). The trial court refused the request and told the prosecution he could not argue to the jury that if defendant was not convicted of murder, "he's walking out of that door."
Defendant renewed his motion during a discussion on the jury instructions. The trial court denied the motion. Prior to closing argument, the trial court said that defendant's counsel could argue that the elements of murder had not been met. The trial court told defendant's counsel, however, that he was not allowed to identify other possible charges because he was limited to the evidence presented and the instructions given, and the trial court did not want to confuse the jury with issues that were not before it.
2. Analysis
Citing Batchelor, supra, 229 Cal.App.4th at pages 1116 through 1118, 178 Cal.Rptr.3d 28, defendant contends that the trial court erred when it refused to advise the jury that he had been convicted of gross vehicular manslaughter in the first trial. In Batchelor, as here, at the first trial the defendant was convicted of gross vehicular manslaughter, but the jury could not reach a verdict as to the murder charge. Also, as here, at the second trial *641 the defendant was convicted of murder. The court in Batchelor held that the trial court committed reversible error because it did not advise the jury in the second trial that he had been convicted of gross vehicular manslaughter in the first trial. (Id . at pp. 1116-1117, 178 Cal.Rptr.3d 28.) The court reasoned that the failure to so advise the jury gave it the "false impression" that the defendant would be "unpunished" if he was not convicted of murder. (Ibid . )
Batchelor, supra, 229 Cal.App.4th 1102, 178 Cal.Rptr.3d 28 is distinguishable from the facts here. In that case, the court suggested that its decision was based on "the unusual circumstances of this case." (Id. at p. 1117, 178 Cal.Rptr.3d 28.) The decision in Batchelor was premised, in part, on the prosecutor's closing argument that the jury should "hold [the defendant] accountable" and "send the message that [if] you drink and drive and kill someone, you're going to be held accountable. There is only one count in this case that you have to decide on. This is it. Hold him accountable for killing someone." (Ibid . ) The court in Batchelor explained that this "argument certainly created the misleading impression that unless the jury found him guilty of the murder charge, he would not be held accountable at all for [the victim's] death." (Ibid . fn. omitted.) Here, in contrast, the prosecutor made no such argument, and the trial court specifically told the prosecutor to avoid making such an argument.
*347 To the extent Batchelor, supra, 229 Cal.App.4th 1102, 178 Cal.Rptr.3d 28 holds that a trial court must always advise a jury in a second trial that the defendant was convicted of a lesser related crime in the first trial, we disagree with such a conclusion. Batchelor did not cite any case or statutory law supporting that conclusion. (Id . at pp. 1116-1117, 178 Cal.Rptr.3d 28.) Our Supreme Court has stated in a different context that it has "never suggested that the trial court is required to inform the jury of the history of the prior proceedings." (People v. Edwards (1991) 54 Cal.3d 787, 845, 1 Cal.Rptr.2d 696, 819 P.2d 436 ; see also People v. Burgener (2003) 29 Cal.4th 833, 867, 129 Cal.Rptr.2d 747, 62 P.3d 1 [quoting People v. Edwards ]; People v. Wash (1993) 6 Cal.4th 215, 254, 24 Cal.Rptr.2d 421, 861 P.2d 1107 [quoting People v. Edwards ]; cf. § 1180 [after granting of a new trial "the former verdict or finding cannot be used or referred to"].) Moreover, a trial court must refrain from instructing the jury on matters that are irrelevant to the issues raised by the evidence, and those that have the effect of confusing the jury. (People v. Alexander (2010) 49 Cal.4th 846, 920, 113 Cal.Rptr.3d 190, 235 P.3d 873 ; see People v. Ledesma (2006) 39 Cal.4th 641, 733, 47 Cal.Rptr.3d 326, 140 P.3d 657 [sentence received at another trial not relevant].) A conviction in a first trial is irrelevant in the second trial.
If the requested advisement was intended to inform the jury that defendant would be punished even if they acquitted him, that advisement would be improper because "[a] defendant's possible punishment is not a proper matter for jury consideration. (People v. Honeycutt (1977) 20 Cal.3d 150, 157, fn. ¶ 4, [141 Cal.Rptr. 698, 570 P.2d 1050].)" (People v. Holt (1984) 37 Cal.3d 436, 458, 208 Cal.Rptr. 547, 690 P.2d 1207.) CALCRIM No. 706 states, "In your deliberations, you may not consider or discuss penalty or punishment in any way when deciding whether a ... charge[ ] has been proved."
The only issue before the second jury was whether defendant was guilty of second degree murder. The issue of defendant's guilt of gross vehicular manslaughter was not before the second jury.
*642 As the court in Batchelor, supra, 229 Cal.App.4th 1102, 178 Cal.Rptr.3d 28 correctly noted, "Gross vehicular manslaughter is a lesser related but not a lesser included offense of second degree murder." (Id . at p. 1116, 178 Cal.Rptr.3d 28, citing People v. Sanchez (2001) 24 Cal.4th 983, 991, 103 Cal.Rptr.2d 698, 16 P.3d 118, overruled on another ground in People v. Reed (2006) 38 Cal.4th 1224, 1228-1229, 45 Cal.Rptr.3d 353, 137 P.3d 184.)[5] A trial court is not required to give an instruction on a lesser *348 related offense. (People v. Birks (1998) 19 Cal.4th 108, 116, 124, 128, 77 Cal.Rptr.2d 848, 960 P.2d 1073 ; see also People v. Rundle (2008) 43 Cal.4th 76, 147-148, 74 Cal.Rptr.3d 454, 180 P.3d 224 ["there is no federal constitutional right of a defendant to compel the giving of lesser-related-offense instructions"], disapproved on other grounds in People v. Doolin (2009) 45 Cal.4th 390, 421, fn. ¶ 22, 87 Cal.Rptr.3d 209, 198 P.3d 11.)
Instructing or otherwise advising the jury that defendant had previously been convicted of gross vehicular manslaughter reasonably could cause the jury to focus on irrelevant matters rather than focusing on the issue before it-whether the prosecutor proved that defendant had committed a second degree murder beyond a reasonable doubt. In many cases, advising the second jury that defendant had been convicted of a lesser related crime in the first trial regarding the same incident involved in the second trial could prejudice defendant; so advising the second jury may signal to it that defendant was culpable or that it should determine certain facts adverse to defendant. In addition, advising the jury as to a result in the first trial might induce the jury to speculate on its ramifications. The result of the first trial might influence the jury to assume that the jury for that trial could not come to a conclusion as to the murder charge, and draw an inference from that assumption.
Even if the trial court erred in refusing to advise the jury that defendant had been convicted of gross vehicular manslaughter in the first trial, the error was harmless under the standard in either People v. Watson (1956) 46 Cal.2d 818, 836 through 837, 299 P.2d 243 (more favorable outcome for defendant reasonably probable absent error), or Chapman v. California (1967) 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (harmless beyond a reasonable doubt). The evidence in the second trial of defendant's guilt of murder, including implied malice, was overwhelming. There was evidence that defendant knew driving while under the influence of alcohol or drugs was dangerous to human life, ingested PCP on the day of the incident, "made [the] decision" to drive his vehicle, drove erratically, and collided with another vehicle killing a two-year-old child. The child died because she suffered fractured and separated vertebrae causing a "functional decapitation." That the first trial ended with the jury being hung on the murder charge is not compelling in this case, because the presentation of evidence in the two cases was different.[6]
*349 DISPOSITION
The judgment is affirmed.
We concur:
*643 TURNER, P.J.
BAKER, J.

All statutory citations are to the Penal Code unless otherwise noted.

See footnote *, ante.

Had the conviction in the first trial been for a lesser included offense, defendant could not have been retried. (People v. Fields (1996) 13 Cal.4th 289, 296, 305, 312, 52 Cal.Rptr.2d 282, 914 P.2d 832.)

See People v. Soojian (2010) 190 Cal.App.4th 491, 520, 118 Cal.Rptr.3d 435 ["Other cases have found it persuasive that the first trial ended in a hung jury when deciding whether the error that occurred in the retrial was prejudicial. [Citations.]"]