Filed 1/27/16  In re W.E. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re W.E., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>W.E.,<br><br>        Defendant and Appellant. | E063193<br><br>(Super.Ct.No. J257039)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Barbara A. Buchholz, Judge.  Reversed in part; affirmed in part.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

1

An amended juvenile petition was filed alleging that appellant and defendant W.E. (minor) committed the crime of kidnapping (Pen. Code, § 207, subd. (a), count 1)[1], false imprisonment (§ 236, count 2), assault with intent to commit a felony (§ 220, subd. (a)(2), count 3), attempted forcible rape (§§ 664/261, subd. (a)(2), count 4), and kidnapping to commit rape (§ 209, subd. (b)(1), count 5). A juvenile court found true the allegations in counts 1, 2, 3, and 5, and dismissed count 4. The court declared minor a ward and committed him to the Department of Juvenile Justice for a maximum term of seven years on count 5. It also committed him to eight years on count 1, three years on count 2, and nine years on count 3, but stayed those terms pursuant to section 654.

On appeal, minor contends that the court erred in sustaining counts 1 and 2 because kidnapping and false imprisonment are lesser included offenses of kidnapping to commit rape. The People concede, and we agree, that the court's true findings on counts 1 and 2 should be reversed. Otherwise, we affirm.

## FACTUAL BACKGROUND

The victim was a 16-year-old high school student. One afternoon, she was walking home from the store when she saw minor across the street. She had met him before through her friend. He said hi to her and asked if he could walk her home. On the walk back, minor told her they would take a shortcut. When they were walking, he grabbed her wrist and pulled her into an abandoned house. When she tried to escape, he

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

grabbed her by the neck and pulled her back, causing her to hit her head on the wall. The victim then blacked out. When she woke up, she found herself on the floor with her pants pulled down below her crotch. Minor was standing over her with both of his legs on the outside of her legs and his pants and underwear completely off. The victim immediately got up and pulled her pants on. Minor tried to grab her, and she kicked him in the groin area. He fell, and she ran out of the house.

## ANALYSIS

### The True Findings on Counts 1 and 2 Should Be Reversed

Minor argues that the court erred in sustaining the amended petition on counts 1 and 2, since kidnapping (§ 207, subd. (a), count 1) and false imprisonment (§ 236, count 2) are lesser included offenses of kidnapping to commit rape (§ 209, subd. (b), count 5). The People concede, and we agree.

A defendant "cannot be convicted of both an offense and a lesser offense necessarily included within that offense, based upon his or her commission of the identical act." (*People v. Sanchez* (2001) 24 Cal.4th 983, 987 (*Sanchez*); see *People v. Pearson* (1986) 42 Cal.3d 351, 355 ["[M]ultiple convictions may *not* be based on necessarily included offenses."].) "An offense is necessarily included within another if 'the statutory elements of the greater offense . . . include all the elements of the lesser offense . . . .'" (*People v. Lewis* (2008) 43 Cal.4th 415, 518 (*Lewis*), overruled on other grounds in *People v. Black* (2014) 58 Cal.4th 912, 919.)

3

Here, the amended petition alleged that minor committed the crime of kidnapping (§ 207, subd. (a), count 1) and false imprisonment (§ 236, count 2), as well as kidnapping to commit rape (§ 209, subd. (b)(1), count 5). The court found true the allegations on all three counts. However, as the People concede, simple kidnapping (§ 207, subd. (a)) is a lesser included offense of kidnapping to commit rape (§ 209, subd. (b)(1)). (See *Lewis*, *supra*, 43 Cal.4th at p. 518.) The latter offense requires the additional element of an intent to commit rape, an intent which must be formed before the kidnapping commences. (CALCRIM No. 1203; see *People v. Bailey* (1974) 38 Cal.App.3d 693, 699.) The People also correctly concede that false imprisonment (§ 236) is a lesser included offense of kidnapping to commit rape. (*People v. Shadden* (2001) 93 Cal.App.4th 164, 171 (*Shadden*).) We note that all of the allegations against minor stemmed from the single incident when he pulled the victim into the abandoned house. (See *Sanchez*, *supra*, 24 Cal.4th at p. 987.)

In sum, the record undisputedly shows that the true findings for simple kidnapping (count 1), false imprisonment (count 2), and kidnapping to commit rape (count 5) were all based on the same conduct. Simple kidnapping (§ 207, subd. (a)) and false imprisonment (§ 236) are lesser included offenses of kidnapping to commit rape (§ 209, subd. (b)(1)). (*Lewis*, *supra*, 43 Cal.4th at p. 518; *Shadden*, *supra*, 93 Cal.App.4th at p. 171.) As such, the true findings on counts 1 and 2 must be reversed. (See *Shadden*, at p. 171.)

4

DISPOSITION

The juvenile court's findings sustaining the allegations that minor committed kidnapping (§ 207, subd. (a), count 1) and false imprisonment (§ 236, count 2) are reversed. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

KING
J.

MILLER
J.

5
