Filed 4/26/22  P. v. Batten CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C092949 |
| Plaintiff and Respondent, | (Super. Ct. No. S16CRF0021) |
| v. | |
| TRISTAN DEMOND BATTEN, | |
| Defendant and Appellant. | |

Defendant Tristan Demond Batten entered into a negotiated plea agreement with prosecutors in November 2016.  Pursuant to the plea agreement, defendant pled guilty to first degree murder, voluntary manslaughter, and two counts of second degree robbery, and admitted a firearm allegation.  He also agreed to cooperate with the prosecution and testify truthfully against a codefendant and others.  The prosecution, for its part, agreed that defendant would be permitted to withdraw his plea to the first degree murder charge upon satisfying his obligations under the agreement.  That charge would be dismissed, and defendant would receive a stipulated sentence of nine years.

1

Plans changed with the passage of Senate Bill No. 1437, which became effective on January 1, 2019. (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4) (Senate Bill 1437.)[1] Defendant filed motions to dismiss the first degree murder count and withdraw his plea, each asserting that he could not be responsible for first degree murder under the new law because he was not the direct perpetrator of the murder, did not aid or abet the actual killer, and did not act with reckless indifference to human life. The trial court denied the motions.

Defendant then stopped cooperating with prosecutors. He filed a sentencing memorandum and motion to dismiss, arguing, again, that he could not be responsible for first degree murder under Senate Bill 1437 because he was not the direct perpetrator of the murder, did not aid or abet the actual killer, and did not act with reckless indifference to human life. The trial court denied the motion, ruling that defendant was bound by the terms of the plea agreement. The trial court then sentenced defendant to an indeterminate term of 25 years to life for first degree murder plus one year for the gun enhancement, and a determinate term of four years for the two robbery counts. The trial court also imposed a term of three years for voluntary manslaughter but stayed imposition of the sentence pursuant to section 654.

Defendant appeals, arguing he has established a prima facie case for relief under Senate Bill 1437 and urging us to remand for an evidentiary hearing pursuant to Penal

---

[1] As discussed in the text, Senate Bill 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) Senate Bill 1437 also added Penal Code section 1170.95 to allow individuals "convicted of felony murder or murder under a natural and probable consequences theory" to petition the sentencing court to vacate the "murder conviction" and be resentenced on any remaining counts.

Code section 1170.95, subdivision (d)(3).[2]  The People respond that defendant is not entitled to an evidentiary hearing under section 1170.95, subdivision (d)(3) because he has not filed a petition for resentencing under section 1170.95.  We agree with the People.[3]

Defendant also asks us to vacate the voluntary manslaughter conviction as a lesser included offense to first degree murder and stay the sentence for one of the two robbery convictions.  The People concede these issues, and we accept the concessions.

Accordingly, we will vacate the conviction on voluntary manslaughter conviction (count 4) and vacate the sentence on that count.  We will also vacate the sentences on the second degree robbery convictions (counts 2 and 5), and remand for the purpose of resentencing on those counts only.  In all other respects, we will affirm.

## I.  BACKGROUND

On November 22, 2016, the District Attorney of El Dorado County filed a first amended complaint charging defendant with the first degree murder of Dennis Wright (§ 187, subd. (a)), the second degree robbery of Wright (§ 211), the voluntary manslaughter of Wright (§ 192, subd. (a)), and the second degree robbery of K.G. (§ 211).[4]  It was further alleged as to all counts that a principle was armed with a firearm

---

[2]  Undesignated statutory references are to the Penal Code.

[3]  During the pendency of this appeal, the Governor signed Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775), which amends section 1170.95 to provide that persons with nonfinal convictions for murder, attempted murder, or manslaughter may challenge the validity of those convictions on direct appeal "based on the changes made to Sections 188 and 189 by Senate Bill 1437."  (Stats. 2021, ch. 551, § 2; § 1170.95, subd. (g), eff. Jan. 1, 2022.)  We requested supplemental briefing on the effect, if any, of Senate Bill 775 on defendant's appeal.  Both parties agree that defendant can now challenge the validity of the first degree murder conviction on direct appeal, but neither party suggests he has done so here.

[4]  A codefendant, Harvest Davidson, was also charged with the first degree murder and second degree robbery of Wright.

3

within the meaning of section 12022, subdivision (a)(1). Defendant waived his right to a preliminary hearing and the complaint was deemed an information.

That same day, pursuant to a plea agreement, defendant pled guilty to each count in the information and admitted the firearm allegation.[5] The plea agreement specified that defendant would cooperate with the prosecution and testify truthfully in any proceedings against his codefendant or other involved parties. As part of the plea bargain, the prosecution agreed that defendant, upon satisfying his obligation to cooperate and testify truthfully, would be permitted to withdraw his plea to the first degree murder charge. The prosecution would then dismiss that charge, and defendant would receive a stipulated sentence of nine years on the remaining counts. In the event that defendant failed to cooperate, he would be "sentenced in accordance with his First Degree Murder plea."

On March 12, 2019, defendant filed a motion to dismiss the first degree murder count pursuant to section 995 and/or section 1385. The motion argued that defendant could not be convicted of first degree murder under then newly enacted Senate Bill 1437 because evidence adduced at a preliminary hearing for the other involved parties showed that defendant was not the actual perpetrator of the murder, was not a direct aider and abettor to the murder, and was not a major participant in the underlying felony who acted with reckless indifference to human life.[6] (§ 189, subd. (e)(1)-(3).) Defendant contemporaneously filed a motion to withdraw his plea pursuant to section 1018 arguing, again, that Senate Bill 1437 precluded the conviction for first degree murder. The motion was accompanied by a declaration by defendant's counsel averring that defendant "was not the direct perpetrator of [the] murder," "did not aid, abet, counsel, command, induce,

---

[5] No factual basis for the plea was described on the record during the plea colloquy.

[6] We have not been provided with a transcript of the preliminary hearing. However, the motion to dismiss describes the underlying offense as a robbery or drug deal gone bad.

4

solict, request, or assist the actual killer in the commission of murder in the first degree," and "did not act with reckless indifference to human life." The trial court denied both motions.

On February 13, 2020, defendant invoked his Fifth Amendment rights and refused to testify in the jury trial against one of the other involved parties. Defendant acknowledged that he understood the consequences of his breach of the plea agreement and the prosecution requested that defendant be sentenced as soon as possible.

On July 9, 2020, defendant filed a sentencing memorandum and motion to dismiss arguing, again, that evidence adduced at the preliminary hearing showed he was not the actual perpetrator of the murder, was not a direct aider and abettor to the murder, and was not a major participant in the underlying felony who acted with reckless indifference to human life.[7] The prosecution opposed the motion arguing, inter alia, that defendant was bound by the terms of the plea agreement, which included a waiver applicable to any direct or collateral attack on the sentence or judgment. The trial court heard argument and denied the motion by written decision, ruling that defendant was bound by the terms of the plea agreement. The trial court further stated: "It should be noted that [defendant] entered into the plea agreement and entered his guilty pleas prior to a preliminary hearing on the offenses charged against him. [Defendant] did testify at a preliminary hearing for the other defendants, but it was as a cooperating witness for the prosecution. Thus, the focus of the hearing and the evidence was not on [defendant's] role in the alleged crimes. Without the benefit of adjudicated facts concerning [defendant's] role in the alleged crimes, it is not possible for the court to make a determination whether amended section 189[, subdivision ](e) even applies to [defendant]."

---

[7] Defendant appears to have filed another iteration of the same motion on July 24, 2020.

On October 2, 2020, the trial court sentenced defendant to an indeterminate term of 25 years to life for first degree murder plus one year for the gun enhancement. The trial court sentenced defendant to a total determinate term of four years for the two robbery counts. The trial court also imposed a term of three years for voluntary manslaughter but stayed imposition of the sentence pursuant to section 654. This appeal timely followed.

## II. DISCUSSION

*A.      Senate Bill 1437 and Section 1170.95*

Defendant argues that Senate Bill 1437 applies retroactively to him, and thus applies to the plea agreement. He argues that he has made a prima facie showing of entitlement to relief under Senate Bill 1437 and urges us to remand for an evidentiary hearing under section 1170.95.[8] The People respond that defendant must proceed by way of a petition pursuant to section 1170.95 and cannot circumvent that process by seeking retroactive relief in this appeal. The People have the better argument.

Senate Bill 1437, which became effective on January 1, 2019, restricted the application of the felony-murder rule and the natural and probable consequences doctrine, as applied to murder, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f); *People v. Gentile* (2020) 10 Cal.5th 830, 842.) Senate Bill 1437 sought to accomplish this objective by adding three new provisions to the Penal Code.

First, Senate Bill 1437 added section 188, subdivision (a)(3), which amends the natural and probable consequences doctrine, and provides: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime

___

[8] Defendant does not appear to seek reversal of the trial court's orders denying his motions to dismiss or motion to withdraw his plea.

6

shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

Second, Senate Bill 1437 added section 189, subdivision (e), which amends the felony murder rule, and provides:  "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶] (1) The person was the actual killer[;] [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree[;] [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Third, Senate Bill 1437 added section 1170.95, "which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)  Section 1170.95 allows "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine" to petition the sentencing court to vacate the murder conviction and be resentenced on any remaining counts.  (§ 1170.95, subd. (a).)[9]

An offender may file a petition under section 1170.95 when the following conditions are met:  "(1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;] [¶]

---

[9] As amended by Senate Bill 775, section 1170.95 now also applies to persons previously convicted of attempted murder or manslaughter under a felony-murder or natural and probable consequences theory.  (§ 1170.95, subd. (a).)

(2) The petitioner was convicted of murder, attempted murder or manslaughter following a trial or accepted a plea in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[;] [¶] [and] (3) The petitioner could not be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3); see also § 1170.95, subd. (b)(1)(A).)

Under Section 1170.95, subdivision (b)(1) the petition must be filed "with the court that sentenced the petitioner" and must include: (1) a declaration by the petitioner that he or she is eligible for relief under the requirements set forth in section 1170.95, subdivision (a); (2) the superior court case number and year of the petitioner's conviction; and (3) whether the petitioner requests the appointment of counsel. (§ 1170.95, subd. (b)(1).)  Where the petition complies with the requirements of section 1170.95, subdivision (b)(1), the trial court must appoint counsel, if requested, and entertain briefing by the parties.  (§ 1170.95, subds. (b)(3), (c).)  The trial court must then review the petition to determine whether the petitioner has made a prima facie showing that he or she is entitled to relief.  (§ 1170.95, subd. (c); *People v. Lewis, supra,* 11 Cal.5th at pp. 970-971.)  If the court determines the petitioner has met his or her prima facie burden, the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts.  (§ 1170.95, subds. (c), (d)(1).)  At the hearing, the prosecution must prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).

Until recently, section 1170.95 provided the exclusive avenue by which persons previously convicted of murder under now-invalid theories could obtain retroactive relief. (*People v. Gentile, supra,* 10 Cal.5th at p. 853; *People v. Duchine* (2021) 60 Cal.App.5th 798, 810.)  Senate Bill 775 now authorizes such persons to challenge the validity of their nonfinal convictions for murder, attempted murder, or manslaughter by direct appeal.

8

(§ 1170.95, subd. (g) ["A person convicted of murder, attempted murder, or manslaughter whose conviction is not final may challenge on direct appeal the validity of that conviction based on the changes made to Sections 188 and 189 by Senate Bill 1437"]; see also Assem. Com. on Public Safety on Sen. Bill 775, amended July 6, 2021 ["[T]his bill: [¶] . . . [¶] (1)(j) [s]tates that a person convicted of murder, attempted murder, or manslaughter, whose conviction is not final, may challenge the validity of that conviction on direct appeal rather than via the petition"].)

Defendant has not filed a petition pursuant to section 1170.95 and does not purport to challenge the validity of his first degree murder conviction by way of this appeal. Instead, he asks us to find that he has already made a prima facie showing of eligibility for resentencing relief and remand for an evidentiary hearing under section 1170.95, subdivision (c).[10]  This we cannot do.

We acknowledge defendant's predicament.  We recognize he may be able to make a prima facie case for resentencing relief (although we cannot say he has already done so)

---

[10]  Defendant also asks us to find that the plea agreement does not preclude him from seeking relief under Senate Bill 1437.  We have no quarrel with the idea that persons convicted by plea may seek the ameliorative benefits of Senate Bill 1437.  (Stats. 2018 ch. 1015 ["This bill would provide a means of vacating the conviction and resentencing a defendant when a complaint, information, or indictment was filed against the defendant that allowed the prosecution to proceed under a theory of first degree felony murder or murder under the natural and probable consequences doctrine, the defendant was sentenced for first degree or 2nd degree murder *or accepted a plea offer in lieu of a trial at which the defendant could be convicted for first degree or 2nd degree murder*, and the defendant could not be charged with murder after the enactment of this bill," italics added].)  But defendant can only obtain that benefit by following the petitioning procedure described in section 1170.95 (which begins with the filing of a petition) or raising the matter on direct appeal.  (*People v. Sanchez* (2020) 48 Cal.App.5th 914, 919 ["Specifying that section 1170.95 applies to murder convictions both by trial and by guilty plea clarifies that it does not matter how the murder conviction was obtained for section 1170.95 to apply"].)  He cannot pick and choose which portions of section 1170.95 he wishes to follow.

9

and agree that the matter should be remanded for further proceedings. But those proceedings must begin with the filing of a facially sufficient petition, as the trial court cannot grant an evidentiary hearing under section 1170.95, subdivision (c) without one. We will therefore deny the request for remand but encourage defendant to file a petition pursuant to section 1170.95.

B.      *Voluntary Manslaughter*

Defendant pled guilty to the first degree murder of Wright and the voluntary manslaughter of the same victim. The trial court sentenced defendant to an indeterminate term of 25 years to life for the first degree murder (count 1), and a determinate term of three years for the voluntary manslaughter (count 4), but stayed imposition of the latter term pursuant to section 654. Defendant argues the conviction for voluntary manslaughter should be vacated as a lesser included offense to the murder conviction. The People concede the issue, and we accept the concession. (*People v. Sanchez* (2001) 24 Cal.4th 983, 987.) We will therefore reverse the conviction on count 4 and vacate the sentence on that count.

C.      *Second Degree Robbery*

Defendant pled guilty to the first degree murder of Wright and second degree robbery of the same victim. The trial court sentenced defendant to an indeterminate term of 25 years to life for the first degree murder (count 1) and a consecutive determinate term of four years for the two second degree robbery convictions, as follows: a three year term for the second degree robbery of Wright (count 2), and a one year term for the second degree robbery of K.G. (count 5). Defendant argues the sentence on count 2 should be stayed pursuant to section 654. The People concede the issue, and we accept the concession. We will therefore remand for resentencing on the robbery counts (counts 2 and 5).

## III.  DISPOSITION

Defendant's conviction for voluntary manslaughter in count 4 is reversed, and the sentence on that count vacated.  The sentences are also vacated as to the second degree robbery counts (counts 2 and 5), and the matter remanded for the purpose of resentencing on those counts only.  The judgment is otherwise affirmed.  The trial court is directed to prepare a corrected abstract of judgment and forward it to the Department of Corrections and Rehabilitation.

/S/

_____

RENNER, J.


We concur:

/S/

_____

BLEASE, Acting P. J.


/S/

_____

HULL, J.

11