Filed 12/5/25  P. v. Torrez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL DAVID TORREZ,<br><br>    Defendant and Appellant. | D086921<br><br><br><br>(Super. Ct. No. INF1800603) |

APPEAL from a judgment of the Superior Court of Riverside County, James S. Hawkins, Judge.*  Affirmed.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

---

*    Retired Judge of the Riverside Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

# I
## INTRODUCTION

A jury convicted Michael David Torrez of second degree murder (Pen. Code, § 187, subd. (a)), after he drove his truck while under the influence of alcohol and caused an automobile accident that took the life of another motorist on the road.[1]  The trial court sentenced Torrez to prison for an indeterminate term of 15 years to life.

On appeal from the judgment of conviction, Torrez contends the trial court erred by failing to instruct the jury, over the objection of the prosecution, on the crime of gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)).  We reject this argument and affirm the judgment.

# II
## BACKGROUND

One evening, Torrez drove his Ford F-150 truck westbound on Ramon Road in Palm Springs.  Torrez drove at a speed of at least 55 miles per hour in a driving zone with a speed limit of 45 miles per hour.  On the west side of the intersection of Ramon Road and El Cielo Road, Ramon Road narrows from a three-lane street to a two-lane street.  Torrez ran a red light at the intersection while driving in the number three lane, closest to the curb.  As Ramon Road narrowed to a two-lane street, Torrez rearended the right passenger-side of a Nissan Versa driving ahead of him in the number two lane.  The impact pushed the Nissan Versa off the roadway and onto the sidewalk.  Meanwhile, Torrez's truck veered sharply to the left, entered the opposing lanes of traffic, and spun out.  The truck collided with the front end of a Nissan Sentra travelling eastbound on Ramon Road.  Mario Garcia, the

---

[1]    All further undesignated statutory references are to the Penal Code.

driver of the Nissan Sentra, died at the scene of the accident from blunt force trauma injuries.

After the collision, witnesses noticed an odor of alcohol emitting from the cab of Torrez's truck. Torrez yelled obscenities and was uncooperative as medical personnel transported him to the hospital to treat his injuries, which included a dislocated hip, broken ribs, a broken nose, and a laceration to the forehead. At one point, when Torrez was wheeled into the emergency room, he stated, "I better not get a DUI." Torrez had to be sedated in a trauma room for treatment and law enforcement officers obtained a search warrant to procure a blood sample from him while he was under sedation. The blood sample, which was drawn about two and a half hours after the collision, showed that Torrez had a blood alcohol concentration (BAC) of 0.159 percent—about twice the legal driving limit. At trial, a toxicologist testified that Torrez's BAC was likely between 0.184 and 0.209 percent at the time of the accident. The toxicologist opined Torrez would have consumed 17 to 23 alcoholic drinks to reach that BAC percentage based on his weight.

Prior to the fatal accident at issue, Torrez sustained a 2008 conviction for driving under the influence of alcohol in violation of Vehicle Code section 23152, subdivisions (a) and (b). In connection with that conviction, Torrez was sentenced to three years of summary probation, 30 days in county jail, completion of an 18-month driving-under-the-influence education program, 52 hours of group counseling, 12 hours of alcohol and drug education, six hours of community reentry monitoring, and biweekly individual interviews for the first six months.

III

DISCUSSION

Torrez was charged with a single count of second degree murder, which is commonly known as *Watson* murder when the defendant kills the victim while driving under the influence. (See *People v. Watson* (1981) 30 Cal.3d 290.) After the close of evidence, the trial court instructed the jury on principles of homicide (CALCRIM No. 500) and murder (CALCRIM No. 520).

Additionally, defense counsel requested instructions on uncharged offenses including reckless driving in violation of Vehicle Code section 23103 (CALCRIM No. 2200), gross vehicular manslaughter while intoxicated in violation of section 191.5, subdivision (a) (CALCRIM No. 590), and vehicular manslaughter while intoxicated in violation of section 191.5, subdivision (b) (CALCRIM No. 591). Defense counsel claimed the instructions on the uncharged offenses were supported by the evidence and "would give the jury an opportunity to decide what happened here besides just murder." The prosecutor objected to the requested instructions on the ground that the uncharged offenses at issue are not lesser included offenses of murder. The trial court sided with the prosecution and declined to give the instructions on the uncharged offenses.

On appeal, Torrez contends the trial court should have instructed the jury on gross vehicular manslaughter while intoxicated, at minimum, because the court's failure to give the instruction unjustly presented the jury with an all-or-nothing choice between a murder conviction and acquittal. However, as Torrez concedes, Supreme Court precedent barred the court from giving the requested instruction without the consent of the prosecution.

"California law has long provided that even absent a request, and over any party's objection, a trial court must instruct a criminal jury on any lesser

4

offense 'necessarily included' in the charged offense, if there is substantial evidence that only the lesser crime was committed. This venerable instructional rule ensures that the jury may consider all supportable crimes necessarily included within the charge itself, thus encouraging the most accurate verdict permitted by the pleadings and the evidence." (*People v. Birks* (1998) 19 Cal.4th 108, 112 (*Birks*); *People v. Huggins* (2006) 38 Cal.4th 175, 215 ["a trial court must instruct on an uncharged offense that is less serious than, and included in, a charged greater offense, even in the absence of a request, whenever there is substantial evidence raising a question as to whether all of the elements of the charged greater offense are present"].)

Notwithstanding this instructional duty, the Supreme Court has held that a defendant does not have a unilateral right to demand instructions on uncharged lesser offenses that are *not* necessarily included in the charged offenses, but merely bear some relationship thereto.[2] (*Birks, supra*, 19 Cal.4th at p. 136; see *People v. Jennings* (2010) 50 Cal.4th 616, 668 ["A defendant has no right to instructions on lesser related offenses, even if he or she requests the instruction and it would have been supported by substantial evidence, because California law does not permit a court to instruct concerning an uncharged lesser related crime unless agreed to by both parties."].) As the High Court explained, a contrary rule allowing a defendant to demand instructions on so-called "lesser related offenses," without the prosecution's consent, would contravene the fundamental principles of neutrality and mutual fairness by granting the defendant substantially greater rights than the People either to require, or prevent, the

---

[2] In reaching this holding, the Supreme Court overruled a prior decision, *People v. Geiger* (1984) 35 Cal.3d 510, which had allowed a defendant to demand—over the prosecution's objection—an instruction on a "lesser related offense" supported by the evidence. (*Birks, supra*, 19 Cal.4th at p. 112.)

consideration of lesser nonincluded offenses.  (*Birks*, at pp. 126–130.)  Such a rule would also potentially violate the separation of powers doctrine by interfering with the discretion of the prosecuting authorities to determine whom to charge and what offenses to bring.  (*Id.* at pp. 134–135.)

The Supreme Court has also recognized that gross vehicular manslaughter while intoxicated is not a lesser included offense of murder.  (*People v. Sanchez* (2001) 24 Cal.4th 983, 991 (*Sanchez*).)  As the court explained, there is a "general principle that an offense is necessarily included within a greater offense when the greater offense cannot be committed without committing the lesser offense."  (*Id.* at pp. 990–991.)  But, "[w]hen we compare the elements of murder with the elements of gross vehicular manslaughter while intoxicated, it appears ... that the statutory elements of murder do not include all the elements of the lesser offense.  Gross vehicular manslaughter while intoxicated requires proof of elements that need not be proved when the charge is murder, namely, use of a vehicle and intoxication.  Specifically, section 191.5 requires proof that the homicide was committed 'in the driving of a vehicle' and that the driving was in violation of specified Vehicle Code provisions prohibiting driving while intoxicated."  (*Id.* at p. 989; see also *id.* at p. 992 ["gross vehicular manslaughter while intoxicated ... requires proof of *additional elements* that are not included in the offense of murder"].)  Thus, "gross vehicular manslaughter while intoxicated should not be treated as a lesser included offense of murder."  (*Id.* at p. 992.)

Applying these principles to the present case, we conclude that the trial court had no duty, or even discretion, to instruct the jury on the crime of gross vehicular manslaughter while intoxicated.  As all parties agree, gross vehicular manslaughter while intoxicated is not a lesser included offense of murder.  (*Sanchez, supra*, 24 Cal.4th at p. 992.)  Further, the prosecution did

6

not consent to defense counsel's request for an instruction on gross vehicular manslaughter while intoxicated; therefore, Torrez was not entitled to demand an instruction on the uncharged crime. (*Birks, supra*, 19 Cal.4th at p. 136.)

In his appellate briefing, Torrez advances several equity- and policy-based arguments as to why a trial court *should* be required to instruct a jury on the crime of gross vehicular manslaughter while intoxicated in *Watson* murder cases. However, the Supreme Court's *Birks* and *Sanchez* decisions are binding upon all lower courts, including our court and the trial court. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) To the extent Torrez hopes to change the current state of the law, he must address his arguments to the Supreme Court.

## IV

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:


DO, J.


CASTILLO, J.

7