Filed 2/25/21  P. v. Gonzalez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>IVAN GONZALEZ,<br><br>    Defendant and Appellant. | G058949<br><br>(Super. Ct. No. 18CF0125)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Patrick Donahue, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant Ivan Gonzalez of second degree implied malice murder (Pen. Code, § 187, subd. (a)) and drunk driving offenses (Veh. Code, § 23153, subds. (a) & (b).) The jury also found true allegations Gonzalez had suffered two separate drunk driving convictions. (Veh. Code, § 23566.) The trial court sentenced Gonzalez to an aggregate indeterminate prison term of 15 years to life, and a determinate prison term of 7 years to be served consecutively.

Gonzalez's appointed counsel filed an appellate brief setting forth the facts of the case but advised the court she could find no issues to argue on Gonzalez's behalf. Gonzalez responded to our invitation to submit written argument on his own behalf by filing a brief raising several issues.

We have examined the entire record, reviewed issues Gonzalez's counsel presented for our consideration and also considered Gonzalez's brief, but have not found an arguable issue. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Accordingly, we affirm the judgment.

I

FACTS AND PROCEDURAL HISTORY

*A. Fatal Collision and Convictions on All Charges and Allegations*

In January 2018, after consuming several alcoholic drinks at a bar, Gonzalez drove his vehicle on the wrong side of Interstate 5. He collided head on with a vehicle traveling in the correct direction, killing the vehicle's driver and severely injuring the passenger.

At trial, the parties stipulated that three hours after the collision Gonzalez's blood alcohol content was more than double the legal limit. The prosecution presented a video showing Gonzalez consuming alcohol at a bar with a woman and handing her his keys when they left the bar, about two hours before the collision.

A California Highway Patrol officer testified he chased Gonzalez's vehicle in his patrol car for about five miles, with lights and sirens on, in excess of 100 miles an

2

hour, and followed him until the collision. Postcollision data recovered from Gonzalez's vehicle showed it had been traveling around 99 miles an hour within seconds of the collision and 74 miles an hour immediately before impact. The data and video footage showed Gonzalez applied his brakes several times before the crash.

Gonzalez testified at trial, acknowledging his prior drunk driving convictions and admitting he had been warned about the dangers of drunk driving. Gonzalez did not dispute he consumed alcohol and voluntarily drove on the night of the collision, but claimed he could not remember driving because, "after [his] second or third drink, [he] lost concious[ness]."

Gonzalez testified about his enrollment in an alcohol abuse program at the time of the collision. When Gonzalez claimed he had not consumed alcohol in the six months leading up to the collision, the prosecutor recalled an earlier witness, Tonda Cicali, the manager of Gonzalez's alcohol abuse program. Cicali testified that, according to the program's records, Gonzalez had reported consuming alcohol on multiple occasions within the six months leading up to the collision.

The trial court granted the prosecutor's request to instruct the jury with CALCRIM No. 3426, which explained voluntary intoxication and implied malice murder liability. The court denied Gonzalez's request to give CALCRIM No. 626, which dealt with unconsciousness caused by voluntary intoxication.

*B. Appeal*

Gonzalez appealed his convictions and his appellate counsel filed a brief under the procedures outlined in *Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Counsel offered several issues for us to consider. She advised Gonzalez about the nature of the Wende brief and informed Gonzalez he personally could file a supplemental brief. Gonzalez filed a supplemental brief, joining in the issues his appellate counsel suggested we consider and raising additional challenges to the judgment.

## II

### DISCUSSION

Gonzalez's supplemental brief raised the same issues his appellate counsel invited us to consider and added several other contentions. We must consider each of the issues personally raised by a defendant when appellate counsel has filed a *Wende* brief. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

Gonzalez, relying on his counsel's brief, contends (1) the trial court erred when it denied Gonzalez's request to instruct the jury with CALCRIM No. 626 on unconsciousness as a partial defense to drunk driving implied malice murder; (2) the court erred in denying Gonzalez's request to instruct on gross vehicular manslaughter as a lesser included offense of drunk driving implied malice murder; (3) the court erred in imposing a consecutive three-year term for inflicting great bodily injury on the passenger because injury to multiple victims is governed by the more specific one-additional-year provision in Vehicle Code section 23558; and (4) defense counsel provided ineffective assistance for failing to object to the prosecutor's closing argument that this case was not based on circumstantial evidence even though Gonzalez's mental state only could have been proven circumstantially.

These contentions do not present an arguable issue. The trial court correctly denied Gonzalez's request to instruct on unconsciousness per CALCRIM No. 626 because voluntary intoxication causing unconsciousness is not a defense to drunk driving implied malice murder. (*People v. Ferguson* (2011) 194 Cal.App.4th 1070, 1081.) And no arguable issue exists concerning the failure to provide a lesser included offense because gross vehicular manslaughter is not a lesser included offense of drunk driving implied malice murder. (*People v. Sanchez* (2001) 24 Cal.4th 983, 992.)

As to sentencing, the trial court did not err when it imposed the great bodily injury enhancement under Penal Code section 12022.7. (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1328, disapproved on another ground by *People v. Cook* (2015)

4

60 Cal.4th 922, 939 [Legislature intended the three-year enhancement for great bodily injuries to be applied broadly; Vehicle Code section 23558 does not limit the court's use of section 12022.7].)

Next, we see no arguable issue on whether Gonzalez's trial counsel should have objected to the prosecutor's closing argument. Contrary to Gonzalez's contention, the record shows the prosecutor attempted to negate any notion the evidence was "purely" circumstantial by emphasizing the direct evidence presented. More importantly, the record shows the court properly instructed on the distinction between circumstantial and direct evidence, and that the prosecutor could prove Gonzalez's required mental state for implied malice murder liability through circumstantial evidence. (See *People v. Cortez* (2016) 63 Cal.4th 101, 131 ["'[P]rosecutorial commentary should not be given undue weight in analyzing how a reasonable jury understood . . . instructions'"].)

Gonzalez's supplemental brief presents four additional arguments for reversing the judgment. He contends the trial court erred when it admitted certain photographic evidence, excluded a defense chart about homicide crimes, instructed the jury with CALCRIM No. 3426, and admitted Cicali's testimony to impeach Gonzalez's testimony. None of these contentions present an arguable issue.

As to the photos, the trial court exercised its broad discretion in finding the photos more probative than prejudicial, noting the victims were not shown in the photos and were admitted only after the prosecution established the proper foundation. Nor is there an arguable issue in the court's exclusion of the homicide chart. This ruling applied only to defense counsel's opening statement. Opening statement generally is limited to a description of the evidence counsel expects to present, but counsel may not argue ultimate facts or delve into an explanation of the applicable law. Because the jury was properly instructed, the exclusion of a homicide chart on opening statement could not affect the outcome.

Finally, we discern no arguable appellate issue in Gonzalez's suggestion that Cicali's testimony should have been excluded based on a confidentiality agreement not produced in the record.  Gonzalez did not raise the issue in the trial court and therefore forfeited the issue on appeal.  (*People v. Partida* (2005) 37 Cal.4th 428, 434.)  Further, even if we assessed the issue on its merits, we would conclude that excluding the testimony would not have resulted in either "a reversal or a modification of the judgment" (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109), given the strength of the other evidence against Gonzalez presented at trial.

III

DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.