Filed 4/28/15

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065478 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD175729) |
| MONICA RUSCONI, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge. Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Seth Friedman and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

Recently, our Supreme Court held that where a defendant has suffered two prior convictions growing out of a single act, involving a single victim, only one of the convictions may be treated as a strike within the meaning of the three strikes law (Pen.

Code, §§ 667, subds. (b)-(i), 1170.12). (*People v. Vargas* (2014) 59 Cal.4th 635, 646-649 (*Vargas*).) Contrary to defendant and appellant Monica Rusconi's argument on appeal here, *Vargas* does not require any relief from the 25-year-to-life sentence she is now serving following her conviction of a third strike: felony driving while intoxicated after having been previously convicted of vehicular manslaughter while under the influence of alcohol. (Veh. Code, former § 23550.5, subd. (b).)

Although arguably *Vargas* represents a change in the law which might permit us to revisit three strikes sentences that are otherwise final, because the two strikes Rusconi challenges at this point grow out of an incident in which she killed two bicyclists and was convicted of two counts of manslaughter, the holding in *Vargas* has no application here. For decades, our courts have consistently determined that where multiple victims have been injured by a single violent act, a defendant may be punished separately for each victim of his or her violence. This principle has been so well accepted for such a lengthy period of time that we have no doubt that when the Legislature and then the People enacted our three strikes law in 1994, they were aware of it and fully expected it would be applied in three strikes cases.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Manslaughter Convictions*

On April 11, 1986, Rusconi pled guilty to two counts of vehicular manslaughter (Pen. Code, former § 192, subd. (c)(3))[1] and one count of felony hit and run. Her plea was subject to *People v. West* (1970) 3 Cal.3d 595 and included a *Harvey* waiver (*People*

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

*v. Harvey* (1979) 25 Cal.3d 754).  The manslaughter convictions grew out of an incident in which, while driving under the influence of alcohol, Rusconi drove her car onto the shoulder of a narrow road and hit two bicyclists, both of whom died.  After she hit the victims, Rusconi walked away from the scene of the accident.

Following her guilty plea, Rusconi was sentenced to a total of 10 years in prison: she received the upper term of eight years on one manslaughter count, half the midterm or two years on the second count of manslaughter, and sentencing on the felony hit and run was stayed.[2]

B.  *Postrelease Convictions*

1.  *1997 Conviction*

In 1997, following her release from prison, Rusconi was convicted of driving under the influence, driving with a blood alcohol level in excess of 0.08 percent, driving on a suspended license, and driving with an open container of alcohol in her vehicle. (Veh. Code, §§ 14601.2, subd. (a), 23152, subds. (a) & (b), 23225.)  These convictions grew out of a high-speed incident in which, while driving intoxicated, she nearly hit another vehicle and collided head on into a light post.  She was sentenced to six months in jail.

2.  *2005 Conviction*

In 2005, Rusconi was convicted of two counts of driving under the influence of alcohol and two counts of driving with a blood alcohol level in excess of 0.08 percent. (Veh. Code, § 23152, subds. (a) & (b).)  With respect to each conviction, it was also

---

[2]    We have taken judicial notice of Rusconi's change of plea, minutes reflecting the change of plea, and the abstract of judgment entered in the 1986 case.

found true that Rusconi had suffered a prior manslaughter conviction under Penal Code former section 192 subdivision (c)(3) and that each conviction was therefore a felony. (See Veh. Code, former § 23550.5, subd. (b).) These convictions grew out of an incident in which Rusconi was intoxicated and rear-ended a car that had stopped in front of her; she initially left the scene of the accident when she got into an argument with the driver of the car she hit.

In the 2005 case, Rusconi moved under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530 (*Romero*) to strike one of her prior manslaughter convictions as a strike and her motion was denied. In light of the two prior manslaughter strikes, Rusconi was sentenced to concurrent 25-year-to-life sentences on two counts; sentencing on the other two counts was stayed. Rusconi appealed from the 2005 conviction and argued, among other matters, that the trial court had abused its discretion in denying her *Romero* motion. We rejected her contentions and affirmed her conviction.

C. *These Proceedings*

In May 2013, Rusconi filed a petition under Proposition 36 (§ 1170.126) in which she sought relief from her 25-year-to-life sentence. In light of the fact that two of her prior convictions were for manslaughter, the trial court found that Rusconi was ineligible for relief under the terms of the statute. Rusconi filed a timely notice of appeal.

ISSUES ON APPEAL

Rusconi concedes that her prior conviction for manslaughter precludes relief under Proposition 36. (See § 1170.126, subd. (e)(3).) Nonetheless, she asserts that in light of *Vargas*, her 2005 sentence was unauthorized and that, as such, she may challenge it at anytime. She asks that, if she is precluded from raising this question on appeal from the

4

order denying her relief under Proposition 36, we treat her appeal as a petition for habeas corpus and remand the case to the trial court with instructions that she be sentenced in a manner consistent with her interpretation of *Vargas*.

As we explain, *Vargas* provides no basis for relief from the 25-year-to-life sentence imposed in 2005. Accordingly, we affirm the trial court's order denying her relief under Proposition 36 and decline her request to treat her appeal as a petition for a writ of habeas corpus.

I

In 1999, the defendant in *Vargas* was charged with and convicted of carjacking and robbery growing out of a single act in which she took the victim's car by force. Some years later, she was convicted of first degree burglary (§ 459), grand theft (§ 487, subd. (a)), and conspiracy to commit grand theft (§ 182, subd. (a)(1)); with respect to each of the later felony charges, it was alleged that her 1999 carjacking and robbery convictions were separate strikes within the meaning of the three strikes law. The defendant moved to have her carjacking conviction stricken, and her motion was denied. The Supreme Court reversed and held that, in the unusual circumstance presented when a defendant's single act committed against a single victim gives rise to multiple felony convictions, only one of those convictions may be treated as a strike in later criminal proceedings.

In reaching this conclusion, the court noted that in *People v. Fuhrman* (1997) 16 Cal.4th 930 and *People v. Benson* (1998) 18 Cal.4th 24 (*Benson*), it had previously held that multiple crimes may constitute multiple strikes when crimes are tried together (*Fuhrman*) or even when, because the multiple crimes occur during a single course of conduct, punishment of only one crime is imposed and punishment is stayed under

5

section 654 with respect to the other crimes (*Benson*). (*Vargas*, *supra*, 59 Cal.4th at pp. 638-639.)

In particular, in distinguishing *Benson*, where the defendant unlawfully entered the victim's apartment and then stabbed her 20 times and was convicted of residential burglary and assault with the intent to commit murder, the court in *Vargas* stated: "[B]ecause the Three Strikes law states specifically that a 'stay of execution of sentence' does not disqualify a conviction from being a strike, a stay under section 654 did not affect whether a felony conviction qualified under the Three Strikes law. (*Benson*, *supra*, 18 Cal.4th at pp. 28–31.) Thus, 'the language of section 1170.12, subdivision (b)(1), unequivocally establishes that the electorate intended to qualify as separate strikes *each* prior conviction that a defendant incurred relating to the commission of a serious or violent felony, notwithstanding the circumstance that the trial court, in the earlier proceeding, may have stayed sentence on one or more of the serious or violent felonies under compulsion of the provisions of section 654.' (*Benson*, *supra*, at p. 31.)" (*Vargas*, *supra*, 59 Cal.4th at p. 642.)

However, in *Vargas*, the court went on to rely heavily on language in *Benson*, which suggested that in cases involving a single act giving rise to multiple convictions, only one strike occurs: "*Benson* also rejected the defendant's argument that permitting a conviction for which punishment was stayed to qualify as a strike would lead to '"dramatic and harsh results"' (*Benson*, *supra*, 18 Cal.4th at p. 35), explaining that '[i]n the absence of any constitutional infirmity, . . . we are not at liberty to alter the intended effect of a statute on such grounds.' (*Id*. at p. 36.) But as if presaging the current case, *Benson* continued: 'It is worth noting . . . that our decision in *Romero*, *supra*, 13 Cal.4th

6

497, affirms that a trial court retains discretion in such cases to strike one or more prior felony convictions under section 1385 if the trial court properly concludes that the interests of justice support such action.' (*Ibid*.)  The court expounded on this point in an accompanying footnote, adding:  'Because the proper exercise of a trial court's discretion under section 1385 necessarily relates to the circumstances of a particular defendant's current and past criminal conduct, we need not and do not determine whether there are some circumstances in which two prior felony convictions are so closely connected—for example, when multiple convictions arise out of a single act by the defendant as distinguished from multiple acts committed in an indivisible course of conduct—that a trial court would abuse its discretion under section 1385 if it failed to strike one of the priors.' (*Benson*, *supra*, at p. 36, fn. 8, italics added.)  [¶]  Thus, although *Benson* concerned only whether a conviction for which punishment was stayed qualified as a strike under the Three Strikes law, the opinion nonetheless suggests that a trial court should dismiss one of two prior strike convictions if they were based on the same act." (*Vargas*, *supra*, 59 Cal.4th at pp. 642-643, italics omitted.)[3]

In rejecting the Attorney General's contention that a defendant whose single prior act gave rise to two crimes poses a greater risk to the public and hence is later subject to the maximum sentence imposed by the three strikes law, the court stated:  "We would agree had the offender committed more than one act, whether separately or during a continuous course of conduct, as in *Benson*, *supra*, 18 Cal.4th 24.  As we stated in *Benson*, 'the electorate and the Legislature rationally could—and did—conclude that a

_____

[3]    In *Vargas*, the court also relied on similar language in *People v. Sanchez* (2001) 24 Cal.4th 983, 993.)

person who committed additional violence in the course of a prior serious felony (e.g., shooting or pistol-whipping a victim during a robbery, or assaulting a victim during a burglary) should be treated more harshly than an individual who committed the same initial felony, but whose criminal conduct did not include such additional violence.' (*Id.* at p. 35.) But where, as here, an offender committed but a single act, we disagree she poses a greater risk to society merely because the Legislature has chosen to criminalize the act in different ways. The Legislature is free to criminalize an act in multiple ways, but that it has done so does not of itself make an offender more blameworthy, or more dangerous, within the meaning of the Three Strikes law." (*Vargas*, *supra*, 59 Cal.4th at pp. 646-647, fn. omitted.)

Because the defendant's prior convictions were based on a single act, the court concluded that treating her then current offense as a third strike was inconsistent with the intention and spirit of the three strikes law. (*Vargas*, *supra*, 59 Cal.4th at p. 647.)

II

As the Attorney General notes, although the language in the Supreme Court's opinion in *Vargas* refers to a single act giving rise to multiple criminal convictions, and in that sense arguably applies here, where a single act of driving under the influence gave rise to multiple offenses, the court in *Vargas* was not required to consider and did not purport to consider treatment of a single act giving rise not only to multiple offenses but also involving multiple victims of violence.[4] It is of course axiomatic that a case is not

---

[4] We note that both *Benson* and *People v. Sanchez*, *supra*, 24 Cal.4th 983, which the court relied on in *Vargas*, like *Vargas*, also involved multiple offenses committed against a single victim.

8

precedent for an issue which the court did not consider. (See *Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [opinions must be understood in light of the facts and issues before the appellate court; they are not authority for a proposition not considered or analyzed by the court]; see also 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 509, p. 572 [what constitutes a rule of decision].)

The absence of any discussion in *Vargas* of multiple victims of violence is more than an abstract or esoteric distinction. Over the last 50 years, our Supreme Court has repeatedly and in varying sentencing contexts restated the principle that an offender who injures more than one victim in a single act of violence is more culpable than the offender who only injures a single victim and may be punished separately with respect to each victim: "'The purpose of the protection against multiple punishment is to insure that the defendant's punishment will be commensurate with his criminal liability. A defendant who commits an act of violence with the intent to harm more than one person or by a means likely to cause harm to several persons is more culpable than a defendant who harms only one person. For example, a defendant who chooses a means of murder that places a planeload of passengers in danger, or results in injury to many persons, is properly subject to greater punishment than a defendant who chooses a means that harms only a single person. This distinction between an act of violence against the person that violates more than one statute and such an act that harms more than one person is well settled. Section 654 is not ". . . applicable where . . . one act has two results each of which is an act of violence against the person of a separate individual." [Citations.]' [Citation.]" (*People v. Oates* (2004) 32 Cal.4th 1048, 1063, quoting *Neal v. State of California* (1960) 55 Cal.2d 11, 20–21.)

9

Thus, the distinction between the culpability of criminals who injure one victim and the far greater culpability of criminals who injure more than one victim, and the latter's subjection to multiple punishments, was well settled long before adoption of the three strikes law in 1994. (See *Neal v. State of California*, *supra*, 55 Cal.2d at pp. 20-21.) It is not reasonable to believe the authors of the three strikes law nonetheless intended that, under the new law, violent offenders who injure multiple victims should be treated like offenders who only injure one individual. Such a dramatic and lenient departure from the severe punishment the law had already recognized the perpetrators of multi-victim violence deserve would be at direct odds with the overall purpose of the three strikes law. As the court in *Vargas*, *supra*, 59 Cal.4th at page 647 recognized: "In requiring severe punishment the Three Strikes law responded to a belief that prior law contained too many loopholes favoring criminals, and that judges exercised too much discretion in reducing an offender's overall punishment. When these loopholes and discretion were added together, the perception was that serious and violent criminals who committed multiple crimes were allowed to escape their just desserts. (Ballot Pamp., *supra*, rebuttal to argument against Prop. 184, p. 37 ['soft-on-crime judges, politicians, defense lawyers and probation officers care more about violent felons than they do victims. They spend all of their time looking for loopholes to get rapists, child molesters and murderers out on probation, early parole, or off the hook altogether.'].)"

In sum then, the holding in *Vargas* does not extend to offenders such as Rusconi who have suffered multiple convictions growing out of a single act but who violently injure more than one victim. Even if the holding in *Vargas* had the retroactive effect of rendering as unauthorized a class of similar three strikes sentences—a question we need

not and do not reach—it would not provide any basis for relief here.

DISPOSITION

The order denying Rusconi's petition for relief under section 1170.126 is affirmed.


BENKE, Acting P. J.

WE CONCUR:


HUFFMAN, J.


O'ROURKE, J.

11