Filed 12/16/21  In re J.V. CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re J.V., a Minor,<br><br>   on Habeas Corpus. | A163008<br><br>(Solano County<br>Super. Ct. No. J45081) |

In September 2020, the Napa County District Attorney's Office filed a petition under Welfare and Institutions Code section 602 alleging that J.V. committed two counts of second degree robbery under Penal Code section 211.  The allegations arose from an incident in which J.V. and a friend allegedly took by force two bicycles from two younger juveniles.[1]

Before the jurisdictional hearing, the Napa County District Attorney offered J.V. a plea deal under which the second count would be dismissed in exchange for his admitting to the first count.  J.V.'s public defender advised him to reject the offer on a mistaken belief that J.V. would be exposed to only one felony "strike," even if violations of both counts were sustained, because both counts arose out of a single incident.  J.V. accepted his counsel's advice and rejected the offer.  In a declaration submitted with his habeas petition,

---

[1] We grant J.V.'s request for judicial notice of the record, briefs, and orders filed in his direct appeal, *In re J.V.*, A161626.

J.V. states that he would not have rejected the offer had he known that violations of both counts could be sustained and would constitute two strikes.

The jurisdictional hearing proceeded, and the juvenile court sustained both counts after denying a motion by J.V. to suppress statements he had made to police. After the jurisdictional hearing, the case was transferred for disposition to Solano County, where J.V. resides. The case was then transferred back to Napa County for consideration of J.V.'s motion to set aside the jurisdictional finding. After that motion was denied, the case was once again transferred to Solano County. In November 2020, the Solano County juvenile court adjudged J.V. a ward of the court and placed him on probation in parental custody.

In his petition for habeas corpus, J.V. maintains he was denied effective assistance of counsel in connection with the plea offer. In an informal response to J.V.'s petition, the Attorney General conceded that J.V. asserted a prima facie case of ineffective assistance of counsel. In response to our order of December 7, 2021, the Attorney General confirmed his concession that J.V. should be granted the relief sought in the petition regarding the second robbery count, and both parties waived issuance of an order to show cause, the filing of a return and traverse, and oral argument. The parties also stipulated to an immediate issuance of the remittitur. (See *People v. Romero* (1994) 8 Cal.4th 728, 740–742.)

We agree with the parties that J.V.'s trial counsel was ineffective in advising J.V. to reject the plea offer. The premise of counsel's advice—that J.V. would have only one strike even if both counts were sustained against him—was incorrect and objectively unreasonable because, even though both counts arose out of a single incident, they involved two different victims. (See *People v. Rusconi* (2015) 236 Cal.App.4th 273, 281.) We specifically conclude

2

that J.V. has demonstrated both that (1) "counsel's performance . . . fell below an objective standard of reasonableness under prevailing professional norms" and (2) there was "a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

The petition for writ of habeas corpus is granted. The true finding on count two of the petition filed under Welfare and Institutions Code section 602 in *In re J.V.* (Super. Ct. Solano County, No. J45081), is vacated, and the matter is remanded to the superior court with instructions to dismiss that count under Welfare and Institutions Code section 782. This decision shall be final upon filing. (Cal. Rules of Court, rule 8.387(b)(3)(A).) The parties having so stipulated, the remittitur shall issue immediately. (*Id.*, rule 8.272(c)(1).)

HUMES, P. J.

WE CONCUR:


BANKE, J.


SANCHEZ, J.


A163008
*In re J.V.*