Filed 3/9/23  P. v. Alatorre CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060755 |
| v. | (Super. Ct. No. 19WF1594) |
| CASSEY DELGADO ALATORRE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Patrick H. Donahue, Judge.  Affirmed in part, reversed in part, and remanded.

Avatar Legal and Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson, Warren J.

Williams and Christine Y. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

*     *     *

This appeal concerns the Three Strikes law (Pen. Code, §§ 667,[1] subds. (b)-(i), 1170.12) and other sentencing issues. Cassey Delgado Alatorre was convicted of first degree murder, robbery, possession of a firearm as a felon, and related firearm enhancements, and the trial court found he had committed two prior strikes. At sentencing, the court struck the two priors for purposes of some but not all counts and sentenced Alatorre to a total term of 50 years to life.

Alatorre argues that the trial court abused its discretion in partially denying his motion to strike the two priors, that his case must be remanded for resentencing under recent amendments to sections 654 and 1385, and that the abstract of judgment must be corrected to accurately reflect the sentence imposed by the court. We reject his first argument but agree on the remaining issues. We therefore affirm the judgment but remand the matter for resentencing as outlined below.

## FACTS

Alatorre shot and killed a man while robbing him of fentanyl. An information charged Alatorre with robbery felony murder (count 1; § 187, subd. (a)), robbery (count 2; §§ 211, 212.5, subd. (c)), and possession of a firearm by a felon (count 3; § 29800, subd. (a)(1)). As to counts 1 and 2, the information alleged two firearm enhancements (§ 12022.53, subds. (b), (d)), and as to count 3, it alleged two prior strikes (§§ 667, subds. (d), (e)(2)(A), 1170.12, subds. (b), (c)(2)(A)) and one prior serious felony conviction (§ 667, subd. (a)(1)), all arising out of a 2012 case.

---

[1] All further undesignated statutory references are to this code.

2

A jury found Alatorre guilty of all three counts and found the two firearm enhancements to be true. The trial court found Alatorre's prior convictions to be true.

Alatorre filed a motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) asking the trial court to strike his two prior strikes, which consisted of two kidnapping convictions arising out of the same 2012 car theft. In that case, Alatorre stole a vehicle that was left running in a back alley, apparently unaware that there were two minor children seated in the backseat. According to the *Romero* motion, when Alatorre realized the children were in the car, he pulled the vehicle over and fled the scene. He drove the vehicle only about 420 feet, the children were not hurt, and the car was not damaged. Alatorre pleaded guilty to two counts of kidnapping (§ 207, subd. (a)) and one count of unlawfully taking a vehicle (Veh. Code, § 10851).

The experienced trial judge granted Alatorre's request to strike those kidnapping convictions for purposes of sentencing on counts 1 and 2, but not count 3. In striking the priors for purposes of counts 1 and 2, the court reasoned that both strikes arose from the same incident, Alatorre stopped the car after discovering there were children in the backseat, and the crime was "on the lower level of the kidnapping spectrums." The court did not explain why it declined to strike the priors for purposes of count 3.

The trial court then sentenced Alatorre to a total term of 50 years to life. As to count 1 (first degree felony murder), he received 25 years to life, plus an additional 25 years to life for the firearm enhancement. As to count 2 (robbery), he received a five-year aggravated term, plus an additional 25 years to life for the firearm enhancement, to run concurrently with count 1; the court then stayed this portion of the sentence under section 654. As to count 3 (possession of a firearm by a felon), the court imposed a third-strike sentence of 25 to years to life, to run concurrently with count 1. Alatorre filed a timely notice of appeal.

3

## DISCUSSION

1.      *The* Romero *Motion*

Alatorre contends the trial court abused its discretion in denying his *Romero* motion as to count 3.  According to Alatorre, his two prior kidnapping convictions fall outside the spirit of the Three Strikes law since both convictions arose out of a single act (the taking of a vehicle), and he had no intent to kidnap the children.

The Three Strikes law is a sentencing scheme designed to increase the prison terms of repeat felons.  (See §§ 667, subds. (b)-(i), 1170.12.)  In effect, when a defendant is convicted of a felony, and it is pleaded and proved he had committed two or more prior "violent" or "serious" felonies, the Three Strikes Law mandates that his sentence be "an indeterminate term of life imprisonment."  (§ 667, subd. (e)(2)(A); § 1170.12, subd. (c)(2)(A).)

Although a trial court is presumed to have acted properly whenever it sentences a defendant in accordance with the Three Strikes law (*People v. Carmony* (2004) 33 Cal.4th 367, 376 (*Carmony*)), it has the power to dismiss one or more prior strike convictions in the interests of justice (*Romero*, *supra*, 13 Cal.4th at pp. 529–532). For example, if both strike offenses are based on a single act against the same victim, the court must dismiss one of the offenses; treating those offenses as separate strikes would be inconsistent with the spirit of the Three Strikes law.  (*People v. Vargas* (2014) 59 Cal.4th 635, 637–639 [where prior convictions of robbery and carjacking were based on single act of taking car from victim, trial court abused its discretion by treating those convictions as separate strikes].)  By comparison, if both strike offenses are based on a single act against multiple victims, the court need not strike one.  (*People v. Rusconi* (2015) 236 Cal.App.4th 273, 280 (*Rusconi*) [two prior offenses of vehicular manslaughter arising from a single incident qualified as separate strikes because there were multiple victims].)

4

We review a trial court's decision whether to strike a prior felony conviction for abuse of discretion. (*Romero, supra*, 13 Cal.4th at p. 532.) "'"The burden is on the party attacking the sentence to clearly show the sentencing decision was irrational or arbitrary"'" (*Carmony, supra*, 33 Cal.4th at p. 376), and there is a strong presumption that any sentence conforming to the Three Strike law's sentencing norm is both rational and proper (*id.* at p. 378). "In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances," such as where the trial court was not aware of its discretion to dismiss a prior strike, where the court considered impermissible factors in declining to dismiss a prior strike, or where no reasonable person could disagree the defendant falls outside the spirit of the Three Strikes law scheme. (*Id.* at p. 378.)

Alatorre contends the trial court abused its discretion in declining to strike his prior strike convictions as to count 3. According to Alatorre, both kidnappings resulted from the single act of Alatorre taking a vehicle, and he never intended to kidnap anyone. We are not persuaded.

Although the prior convictions arose from the same incident, the fact there were two separate kidnapping victims increased the danger associated with Alatorre's misconduct; the trial court was therefore acting within its discretion when it treated those convictions as multiple strikes. (See *Rusconi, supra*, 236 Cal.App.4th at p. 280 ["an offender who injures more than one victim in a single act of violence is more culpable than the offender who only injures a single victim and may be punished separately with respect to each victim"].) As for Alatorre's claim that he lacked the "intent[] to kidnap," his guilty pleas to the kidnapping charges establish he had the requisite criminal intent.

The record contains no indication that the trial court relied on impermissible factors or that it was unaware of its discretion to strike. To the contrary, the court plainly understood it had the discretion to strike the prior conviction allegations and in fact did so on a count-by-count basis. (See *People v. Garcia* (1999) 20 Cal.4th

5

490, 499 ["a trial court has discretion in a Three Strikes case to strike prior conviction allegations on a count-by-count basis"].)  Although the court did not state its reasons for declining to strike the priors as to count 3, it was under no obligation to provide an explanation.  (*In re Large* (2007) 41 Cal.4th 538, 546 & fn. 6.)  On this record, Alatorre has failed to satisfy his burden of establishing that the court's sentencing decision was irrational or arbitrary.

2.      *Remaining Issues*

Alatorre next contends this case should be remanded (1) so the trial court can exercise its discretion under recently enacted amendments to section 654, which give courts discretion to select a principal sentence as the unstayed count, (2) so the court may resentence him in accordance with recently enacted amendments to section 1385, which lists the factors courts must consider when deciding whether to strike enhancements in the interests of justice, and (3) so the court may correct the abstract of judgment to reflect the oral pronouncement of the sentence.[2]

The Attorney General agrees that remand is appropriate so the trial court can exercise its discretion under section 654, and that amended section 1385 applies to any resentencing by the trial court.  The Attorney General also does not oppose Alatorre's request to correct the abstract of judgment to reflect the oral pronouncement of sentence.  We concur and therefore remand this matter for resentencing.

**DISPOSITION**

We affirm all convictions suffered by Alatorre.  We reverse the judgment for resentencing only on the issues discussed.  On remand, at a new sentencing hearing to

---

[2]      Alatorre notes that the abstract of judgment fails to reflect that the sentence on counts 1 and 3 was imposed concurrently, and it also incorrectly states that the total time imposed on count 2 is five years (when in fact it is five years with a 25-year-to-life enhancement).

be conducted in accordance with section 1385, the trial court shall have the opportunity to exercise its new statutory discretion to select a principal sentence as to the unstayed count under section 654. The court may also, in its sound discretion, modify any aspect of Alatorre's sentence in order to achieve its sentencing objectives.

In all other respects, the judgment is affirmed. After resentencing, the trial court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

GOETHALS, J.

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.

7