Filed 4/12/23 P. v. White CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078678 |
| v. | (Super.Ct.No. FWV024044) |
| EDWARD WHITE, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Kyle S. Brodie, Judge. Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

Edward White, Jr., appeals from the sentence he received after the trial court granted his petition for resentencing under Penal Code section 1172.6. (Unlabeled statutory references are to this code.) White contends that the trial court abused its discretion by not striking one of his prior strike convictions. We disagree and affirm.

BACKGROUND

In 2000, White "was the getaway driver for an armed bank robbery in which an armored car guard was killed." (*In re White* (June 10, 2021, E075760) [nonpub. opn.].) A jury convicted White of first degree murder (§ 187, subd. (a)), robbery (§ 211), and burglary (§ 459). It also found true the special circumstance allegations that the murder was committed during a robbery and a burglary (§ 190.2, subd. (a)(17)(A), (G)) and the enhancement allegation that a principal was armed during the commission of the offense (§ 12022, subd. (a)(1)). The jury further found that White suffered two prior strike convictions and two prison priors. (§§ 667, subds. (b)-(i), 667.5, 1170.12, subds. (a)-(d).) (*In re White*, *supra*, E075760.) White was sentenced to life imprisonment without the possibility of parole plus 53 years to life. We affirmed the convictions and sentence in an unpublished opinion. (*People v. White* (Dec. 29, 2004, E034088) [nonpub. opn.].)

In 2021, we granted White's petition for writ of habeas corpus. We concluded that there was insufficient evidence under *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 to support the major participant and reckless indifference requirements of the special circumstance findings. (*In re White*, *supra*, E075760.) We found that there was no evidence that White had supplied the shooter with the weapon, that White was armed, or that he knew before the robbery that the shooter planned to use

2

a gun, let alone a loaded gun, during the robbery. During the robbery, White remained in a car in the bank's parking lot. We found that, given White's location during the robbery and killing, White was not able to prevent the guard from being shot or to assist the guard after he was shot. We also found that there was no evidence that White had any awareness that the shooter had a propensity for violence or was likely to use lethal force. We thus granted the petition for writ of habeas corpus, vacated the true findings on the robbery-murder and burglary-murder special circumstances, and remanded for resentencing.

When White was resentenced, he also had a petition for resentencing under section 1172.6 pending. The court held a hearing on the petition in March 2022. The prosecutor conceded that White was entitled to resentencing because he had been convicted of first degree murder under a felony-murder theory, a now-invalid theory under sections 188 and 189, given that the special circumstance findings were vacated. The trial court agreed and granted the petition. The court and the parties agreed that White should be sentenced on the robbery count with the sentence on the burglary count stayed under section 654.

The primary issue of dispute in resentencing involved White's two prior strike convictions. Before the hearing, White moved to strike one of the prior strikes under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). Attached to the motion were the transcript from the 1989 plea hearing, the probation officer's report for those offenses, and a copy of our unpublished opinion in the habeas proceeding. The

3

court also was provided with a transcript of the preliminary hearing from the 1989 convictions.

White had suffered two prior strike convictions in 1989, more than 10 years before the bank robbery. White was 20 years old when the offenses were committed. In 1989, White pleaded no contest to two counts of assault with a deadly weapon—a firearm (§ 245, subd. (a)) and agreed that the preliminary hearing transcript provided a factual basis for the plea. At the preliminary hearing, a witness testified that one night in September 1989, he heard a "popping sound" in the parking lot of a sandwich shop and then saw about 10 male individuals shooting at each other. Two of the men had guns, and one was shooting. After firing at a particular car, the shooter dove into another car that drove by. Another witness testified that White was driving a car at the scene and that another person in that car was shooting.

The probation officer's report for White's sentencing in 2003 indicated that White suffered the following additional convictions: (1) in 1987, one misdemeanor conviction of violating section 537e (possession of stolen property) and (2) in 1995, one felony conviction of violating Health and Safety Code section 11377 (possession of marijuana). White violated parole three times between 1991 and 1999, when he was discharged from parole. At the resentencing hearing, the prosecutor introduced White's rap sheet, which the court admitted over the defense's objection. In 2012, White was convicted of a felony violation of section 4502, subdivision (a), for possessing a weapon while in prison.

In the *Romero* motion and at the resentencing hearing, defense counsel argued that one of the 1989 assault convictions should be stricken because the convictions arose out

4

of the same incident. Defense counsel repeatedly emphasized that White was 20 years old when he committed the offenses, that the 1989 offenses were committed 10 years before the bank robbery, and that White had already served 20 years in prison for the bank robbery. Defense counsel also argued that White's criminal history was otherwise insignificant.

The court declined to strike either of the prior strikes and sentenced White to 26 years to life in state prison. The trial judge had read and considered the preliminary hearing transcript from the 1989 convictions. The judge was bothered by the fact that in 1989 White had driven "a car full of people to a shooting," which could have resulted in multiple deaths, although by "some minor miracle" no one was shot. The court then noted that, after being released from prison for the assault convictions, White spent "some time on parole" and "some time violating parole" and not following the rules. "Then ten years later, he's driving someone again to commit a robbery, and there's ambiguity about what he knew and leading up to it and it's disputed about whether a person was armed or a murder was in the offing. I get all that. But it's like, you're doing it again. [¶] Did you not understand that you're not supposed to drive people places to commit crimes? [¶] And in this one, someone ends up dead." The court contrasted White's case with one case in which a defendant had committed a "robbery 20 years before the current crime that present[ed] a very different set of facts" and another in which a defendant "committed a crime as a young man, and now as an older man having [led] a law-abiding life from the intervening years finds himself back in the criminal justice system." In contrast, the court explained that White's case "feels like it's the

5

same thing. And it's not that long after he did it before. And there's not a long period of law-abiding behavior in between."

In addition, the court agreed with the prosecution that the fact that there had been two victims in the 1989 incident was significant for considering whether to strike one of the strikes. And the court indicated that White's postincarceration conviction for possessing a weapon while in prison indicated that White was "still kind of running his own program if you will."

The court concluded: "And I guess I end where I started, . . . which is that fact, the factual similarity between the prior strikes and the current crime, I just cannot get around that. [¶] And I cannot in good conscience find that [White] falls outside the spirit of the three strikes law given that he drove people to a parking lot so that this shooting could take place and then roughly 10 years later, while not having a perfectly law-abiding life in the interim, drives [the bank robbery shooter] to a robbery. I mean this is a repeat of essentially the same criminal activity is of what recidivism statutes are there to sanction and to prevent and yet here we are."

## DISCUSSION

White contends that the trial court abused its discretion by denying his motion to strike a prior strike conviction under section 1385, subdivision (a) and *Romero*, *supra*, 13 Cal.4th 497. We disagree.

The purpose of the Three Strikes law is "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of one or more serious or violent felony offenses." (§ 667, subd. (b).) It "establishes a

6

sentencing norm" of longer sentences for repeat offenders and "carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so." (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).) "In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Ibid.*)

A trial court nevertheless may, "in furtherance of justice," strike a prior conviction under the Three Strikes law. (§ 1385, subd. (a); *Romero*, *supra*, 13 Cal.4th at pp. 529-530.) In considering whether to strike a prior strike conviction, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes law's] spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) Only "extraordinary" circumstances warrant finding that a defendant who is a career criminal "falls outside the spirit of the three strikes scheme." (*Carmony*, *supra*, 33 Cal.4th at p. 378; *People v. Philpot* (2004) 122 Cal.App.4th 893, 907.)

We review the trial court's decision for an abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 375.) It is the defendant's burden on appeal to "'"show that the sentencing decision was irrational or arbitrary."'" (*Id.* at p. 376.) Absent "'"such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be

7

set aside on review.""" (*Id.* at pp. 376-377.) In addition, we will not reverse a trial court's sentencing decision """merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.""" (*Id.* at p. 377.) "Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid.*) Put another way, when the relevant factors "manifestly support the striking of a prior conviction and no reasonable minds could differ—the failure to strike would constitute an abuse of discretion." (*Id.* at p. 378.)

We cannot say that the trial court's decision was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.) The trial judge's comments in denying the *Romero* motion show that the trial court considered the relevant factors, including the serious and violent nature and circumstances of White's past and present offenses, the similarity of the offenses, the proximity in time between the offenses, White's criminal history of multiple parole violations between the strikes and the bank robbery, a postincarceration conviction for possessing a weapon in prison, and White's character, including his failure to abide by the rules of his parole and his inability to learn from his prior mistakes. Considering the relevant factors, the court found that White's repeated behavior of driving people to commit violent crimes (the most recent resulting in someone's death) was precisely the type of recidivist conduct that warranted a harsher sentence under the Three Strikes law. We cannot say that the court's determination amounted to an abuse of discretion.

8

White first argues that the trial court "misplaced focus on [the] prior strike convictions" by focusing on the similarities between White's involvement in the 1989 assault offenses and the bank robbery, rather than focusing on the fact that the two 1989 offenses arose from the same incident. (Boldface and initial capitalization omitted.) We disagree. The trial judge discussed the 1989 convictions at length. Moreover, when defense counsel argued that he viewed the 1989 convictions as White "pick[ing] up two strikes in one act," the court responded, "Two victims, though." The court agreed with the prosecutor that the fact that there were two victims was significant. Thus, although the court was aware that the convictions arose out of the same incident, it permissibly considered the convictions worthy of two strikes because there were two victims. (*People v. Rusconi* (2015) 236 Cal.App.4th 273, 277-281 [multiple strikes appropriate when multiple convictions arise out of a single act that injures more than one victim].) We cannot say that refusing to strike a prior conviction on that basis was irrational or arbitrary, so the trial court's conclusion did not constitute an abuse of discretion.

White next argues that the trial court abused its discretion by failing to consider factors relevant to the underlying bank robbery conviction. The argument lacks merit. In support of the argument, White focuses on the representations that the prosecutor made to the trial court about White's role in the bank robbery, which White claims were at odds with this court's findings when we granted White's habeas petition. The prosecutor's characterization of White's role in the bank robbery does not matter unless the trial court indicated that it agreed with that characterization. And there is no indication that the trial court did. Rather, the trial court repeatedly noted that what was known about White's

9

role in the bank robbery was that he drove the shooter to the bank and drove him away from the bank. The court's description is not inconsistent with this court's opinion concerning White's role.

White's final argument is that the trial court failed to consider other mitigating factors such as his age, the length of time between offenses, that White had already served 21 years for the bank robbery, and his criminal history. This argument too lacks merit. As to White's criminal history and the length of time between the offenses, the trial court noted that after being in prison for the 1989 convictions White had spent "some time on parole" and "some time violating parole." Defense counsel attempted to explain and to minimize what led to the violations, and the court noted that the violations indicated that White failed to abide by the rules. The court also believed that White's postincarceration conviction for possessing a weapon indicated that White still did not follow the rules. In addition, the court stated that it did not believe that the period between the two offenses was that long. Thus, contrary to White's suggestion, the court explicitly considered the amount of time between the strikes and the bank robbery, as well as White's criminal history. The court did not mention White's age when he committed the 1989 offenses or the amount of time he had already served for the bank robbery, but that does not mean that the trial court did not consider those factors. Defense counsel repeatedly emphasized those points at the hearing. For example, defense counsel argued that the trial court had the discretion to "make a decision of what's going to happen to [White] in the next 10 years, and should it be based on something that he did as a 20-year old when even with two strikes, he's got a sizeable

10

sentence that he's done, and he has done 20 years of his life." On this record, we cannot say that the court failed to consider White's age when he committed the 1989 offenses or the amount of time he had already served for the bank robbery conviction. (See *People v. Brugman* (2021) 62 Cal.App.5th 608, 638–639 [rejecting the defendant's argument that the trial court did not consider relevant factors].)

For all of these reasons, we conclude that the trial court did not abuse its discretion by refusing to strike either of White's prior strike convictions.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ _____
J.

We concur:

McKINSTER _____
          Acting P. J.

MILLER _____
          J.