Filed 2/11/25  P. v. Lockhart CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES HOLLOVER LOCKHART,<br><br>    Defendant and Appellant. | B335012<br><br>(Los Angeles County Super. Ct. No. TA069600) |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

Heather J. Manolakas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri, Scott A. Taryle and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

_____

After being convicted of forcible rape (Pen. Code, § 261, subd. (a)(2))[1] and several other offenses, defendant and appellant James Hollover Lockhart was sentenced to 106 years to life in state prison. In 2023, defendant was resentenced pursuant to section 1172.25; the trial court reduced his total sentence to 105 years to life.

On appeal, defendant challenges the trial court's failure to strike both a five-year sentence enhancement for a prior serious felony (§ 667, subd. (a)(1)) and any of his prior "strike" convictions under California's "Three Strikes" law (§ 667, subds. (b)–(i)). We affirm.

## BACKGROUND

I.     Conviction and Sentence

In 2003, a jury convicted defendant of forcible rape (§ 261, subd. (a)(2); count 1), criminal threats (§ 422; count 2), false imprisonment (§ 236; count 3), assault with a deadly weapon by means likely to produce great bodily injury (§ 245, subd. (a)(1); count 4), and forcible oral copulation (§ 288a, subd. (c)(2); count 5).[2]

At a bifurcated bench trial, the trial court found true multiple allegations stemming from defendant's prior convictions; in 1993, defendant had pled guilty to 10 counts of robbery (§ 211)

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     The jury acquitted defendant of another count of forcible oral copulation (count 6) and found not true the allegation that he committed the rape with a knife.

2

and one count of assault with mace (§ 244.5) (collectively the 1993 convictions).[3]

As relevant here, the trial court found that the 1993 convictions constituted serious felonies and prior strikes under the Three Strikes law (§§ 667, subds. (a)–(i) & 1170.12, subds. (a)–(d)).

The trial court sentenced defendant to a total of 106 years to life. This aggregate sentence included a consecutive five-year enhancement for defendant's prior "strikes" per section 667, subdivision (a)(1). Defendant also received a consecutive one-year enhancement for the 1993 convictions pursuant to section 667.5, subdivision (b); a second enhancement under that statute was stayed.

II.    Resentencing

A.    *Senate Bill No. 483*

Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) created section 1172.75 (former section 1171.1),[4] which rendered "legally invalid" any section 667.5, subdivision (b) sentence enhancement imposed prior to January 1, 2020, "except for any enhancement imposed for a prior conviction for a sexually violent offense[.]"  (§ 1172.75, subd. (a).)

---

[3]    Defendant also admitted to personally using a gun in the commission of seven of the ten robberies.

[4]    Effective June 30, 2022, former section 1171.1 was renumbered section 1172.75, with no substantive change. (Stats. 2022, ch. 58, § 12.)  For simplicity, we refer to the section by its new numbering.

B.    *Recommendation and defendant's motion for full resentencing*

In November 2022, the California Department of Corrections and Rehabilitation recommended defendant's case for resentencing per section 1172.75.

In October 2023, defendant filed a motion asking the trial court to "apply now-current[] California sentencing law" at his resentencing hearing.  Among other things, defendant asked the trial court to dismiss his section 667, subdivision (a)(1) sentence enhancement pursuant to section 1385, subdivision (c).

Defendant's brief also included a variety of supplemental exhibits, all of which showcased various personal and educational development programs he completed while incarcerated.[5]

C.    *Resentencing hearing*

On December 18, 2023, the matter proceeded to a resentencing hearing.  The trial court indicated that it had reviewed all the papers submitted in the case, including defendant's motion and supplemental exhibits.

The trial court then recalled and resentenced defendant pursuant to section 1172.75, subdivision (a).  The court struck both section 667.5, subdivision (b) enhancements.  In all other respects, the court reimposed defendant's original sentence, resulting in a total sentence of 105 years to life.

Although "[t]he [trial] [c]ourt [wa]s aware of its discretion to dismiss the allegation pursuant to Penal Code Section 667(A)(1) and the strike prior allegations[,]" it "cho[se] not to exercise [that] discretion in this case."  The court explained that it "[did not] believe the interest of justice in this matter would be

---

[5]    The following month, defendant submitted a second group of exhibits further attesting to his progress in prison.

4

served by doing so[,]" even after "taking into consideration what [defendant] has done . . . [and] how he's progressing within" prison.

The trial court found that although "the strike priors occurred in one particular case[,]" they were committed "as separate acts[.]"  Moreover, defendant was paroled on the 1993 convictions in December 2002, and committed the rape and other current offenses just four months later.  Accordingly, the court found that the prior convictions fell "within the spirit of the strike law[,]" and declined to exercise its discretion to strike defendant's prior serious felony enhancement or any of his prior strike convictions under section 1385.

III.    Appeal

Defendant timely appealed.  After the close of appellate briefing, we granted defendant's request to file a supplemental brief and allowed the People to submit a response.

**DISCUSSION**

I.    *Background Legal Principles*

    A.    *Scope of resentencing under section 1172.75*

"In general, "'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.'" [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 329 (*Cota*).)  One exception to this rule is section 1172.75, which "requires a full resentencing" at which the trial court may reconsider all of its prior sentencing decisions.  (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*).)

The statute provides "specific instructions" for the trial court to exercise broad resentencing authority.  (*People v. Carter* (2023) 97 Cal.App.5th 960, 967.)  Among other things, section

5

1172.75 requires the trial court to "apply any . . . changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)  Moreover, in resentencing a defendant, the court "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.75, subd. (d)(3).)

     B.    *Section 1385*

"[S]ection 1385, subdivision (c)(1) . . . provides that 'the court shall dismiss an enhancement if it is in the furtherance of justice to do so,' and subdivision (c)(2) states that '[i]n exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence' of nine listed 'mitigating circumstances,' any 'one or more' of which 'weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.'" (*People v. Mazur* (2023) 97 Cal.App.5th 438, 443–444.)

The enumerated mitigating factors include, as relevant here, that (1) "application of an enhancement could result in a sentence of over 20 years[,]  . . . .  [i]n [which] instance[] the enhancement shall be dismissed" (§ 1385, subd. (c)(2)(C)) and (2) "the enhancement is based on a prior conviction that is over five years old" (§ 1385, subd. (c)(2)(H)).

II.    Standard of Review

A trial "court's failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*); see also *People v. Garcia* (2024) 101 Cal.App.5th 848, 856–857 [same, as to a resentencing court's decision not to reduce a defendant's sentence under section 1172.75].)

"To establish an abuse of discretion, [a] defendant[] must demonstrate that the trial court's decision was so erroneous that it 'falls outside the bounds of reason.' [Citations.] A merely debatable ruling cannot be deemed an abuse of discretion. [Citations.] An abuse of discretion will be 'established by "a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice."' [Citation.]" (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 390 (*Bryant, Smith and Wheeler*).)

Related questions of statutory interpretation are reviewed de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)

III.    Analysis

A.    *The trial court did not err*

As required by section 1172.75, once notified of defendant's eligibility for recall and resentencing, the trial court held a full resentencing hearing, giving defendant the opportunity to argue that other sentencing reforms should also reduce his sentence. (*Monroe, supra*, 85 Cal.App.5th at p. 402.)

At defendant's request, the trial court applied section 1385, declining to strike defendant's five-year sentence enhancement for a serious prior felony conviction (§ 667, subd. (a)) or any of his prior strike convictions under the Three Strikes law. Our

7

question thus becomes whether the trial court abused its discretion in failing to strike those sentencing elements.

We conclude that the trial court did not abuse its discretion. The court stated that it had read and considered defendant's briefing which, inter alia, argued that two mitigating factors enumerated in section 1385—namely, subdivisions (c)(2)(C) and (c)(2)(H)—were present in his case. Because the court did not "find[] that dismissal of the [challenged] enhancement[s] would endanger public safety[,]" it was tasked with weighing "[p]roof of . . . these [mitigating] circumstances . . . greatly in favor of dismissing the enhancement." (§ 1385, subd. (c)(2).)

However, the trial court ultimately found that strong countervailing factors, including defendant's extensive criminal history, negated the available mitigating factors. (*People v. Walker* (2024) 16 Cal.5th 1024, 1036 (*Walker*) [at resentencing, a trial court may reimpose a challenged enhancement upon "find[ing] substantial, credible evidence of countervailing factors that . . . 'neutralize . . . the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice'"].) The court did not reduce defendant's sentence beyond striking the statutorily invalidated section 667.5, subdivision (b) enhancements, concluding that "the interest of justice in this matter would [not] be served by" any further reduction.

On this record, we cannot conclude that the trial court's resentencing decision was "arbitrary, capricious, or patently absurd[.]" (*Bryant, Smith and Wheeler*, *supra*, 60 Cal.4th at p. 390.)

8

B.    *Defendant's counterarguments*

Defendant raises what boil down to five counterarguments. First, he contends that section 1385 entitles him to "a rebuttable presumption in favor of dismissing the enhancement," since the trial court did not find that dismissal "would endanger the public safety."  Not so; as defendant recognizes in his reply brief, our Supreme Court recently held that "section 1385 . . . does not erect a rebuttable presumption in favor of dismissal." (*Walker, supra,* 16 Cal.5th at p. 1033.)  Instead, "absent a finding that dismissal would endanger public safety, a court *retains* [its] discretion to impose or dismiss enhancements provided that it assigns significant value to the [statutorily] enumerated mitigating circumstances when they are present." (*Id.* at p. 1029, italics added.)

Second, defendant disputes whether the trial court actually "assign[ed] significant value to the . . . mitigating circumstances" present in this case. (*Walker*, *supra*, 16 Cal.5th at p. 1029.)

Defendant first focuses on subdivision (c)(2)(C), which provides that "[i]n th[e] instance" that "[t]he application of an enhancement could result in a sentence of over 20 years[,]" "the enhancement shall be dismissed." (§ 1385, subd. (c)(2)(C).) Defendant insists that the plain text of this subdivision requires dismissal of the challenged enhancement; since the trial court failed to enter an automatic dismissal, it must not have adequately considered this element.

Assuming arguendo that the five-year sentence enhancement provided for in section 667, subdivision (a) "could result" in defendant's sentence being over 20 years long (§ 1385,

9

subd. (c)(2)(C)),[6] we would still disagree with defendant's interpretation of the statute.  Despite its facially mandatory language, all appellate courts to consider the issue have concluded that section 1385, subdivision (c)(2)(C) permits, but does not require a court to dismiss an enhancement that could result in a sentence of over 20 years.  (See *Mazur, supra,* 97 Cal.App.5th at p. 445; *Cota, supra,* 97 Cal.App.5th at p. 337; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1284–1290; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 294–297; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 15–21.)

This court came to the same conclusion regarding similar language in section 1385, subdivision (c)(2)(B),[7] and we abide by that reasoning here:  "The phrase . . . [']shall be dismissed' is not a standalone mandate of section 1385.  Instead, it appears in the statute appended to [two] of the nine [enumerated] mitigating circumstances . . . .  Section 1385 explicitly instructs that the existence of a[ny of those] . . . circumstance[s] . . . 'weighs *greatly* in favor of dismiss[al]' of an enhancement as the court . . . exercis[es] its discretion . . . to evaluate whether dismissal is in the furtherance of justice . . . .  If we were to read the phrase appended to the [two facially mandatory] mitigating factor[s] as *automatically* mandating dismissal of all but one enhancement whenever multiple enhancements exist, then the existence of multiple enhancements would not 'weigh greatly'" in favor of

---

[6]    Defendant's sentence totaled 100 years to life before applying the section 667, subdivision (a)(1) enhancement.

[7]    Section 1385, subdivision (c)(2)(B) states that "[i]n th[e] instance" that "[m]ultiple enhancements are alleged in a single case[,]" "all enhancements beyond a single enhancement shall be dismissed."

10

dismissal—it would weigh *dispositively*.  But that is not what the statute says, and we are not allowed to rewrite the statute. [Citation.]" (*People v. Walker* (2022) 86 Cal.App.5th 386, 397, overruled on other grounds by *Walker*, *supra*, 16 Cal.5th 1024, italics in original.)

Anticipating our rejection of his automatic dismissal argument, defendant alternatively contends that both subdivisions (c)(2)(C) and (c)(2)(H) of section 1385 warrant dismissal of the challenged enhancement.  Defendant points out that "absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement[.]" (*Walker*, *supra*, 16 Cal.5th at p. 1036.)

However, as stated above, *Walker* permits a trial court to reimpose an enhancement upon "find[ing] substantial, credible evidence of countervailing factors that . . . 'neutralize . . . the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.'" (*Walker*, *supra*, 16 Cal.5th at p. 1036.)

Defendant contends that the trial court did not comply with *Walker*, but instead "merely . . . weigh[ed] mitigating and aggravating factors."  But the process described in *Walker* is, essentially, a weighing test:  A trial court must determine whether "substantial, relevant, and credible evidence of aggravating circumstances . . . neutralize the 'great weight' of the mitigating circumstance[s]" at play. (*Walker*, *supra*, 16 Cal.5th at p. 1036 [internal citations omitted].)  As described above, that is exactly what the court did here.

Third, defendant contends that the trial court's silence as to mitigation factors enumerated under section 1172.75,

11

subdivision (d)(3)—namely his age, time served, and potential for future violence—suggests that the court failed to consider these factors or accord them the proper weight. Citing no supporting legal authority, defendant asserts that "the court's disregard" of these factors, or its favoring "some factors related to recidivism and not others," constitutes an abuse of discretion.

Defendant's argument ignores the long-settled rule that "in light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, we cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of that discretion." (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.) Absent an "affirmative[] demonstrat[ion] that the trial court was unaware of or misunderstood the scope of its sentencing discretion" (*People v. Coleman* (2024) 98 Cal.App.5th 709, 725), we instead presume that the court "'"acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review[]"'" (*Carmony*, *supra*, 33 Cal.4th at pp. 376–377).

The trial court's silence on the identified section 1172.75, subdivision (d)(3) factors is not enough to establish an abuse of discretion, particularly where, as here, the court indicated that it read and considered defendant's briefing requesting consideration of each factor.

<u>Fourth</u>, defendant claims that "the trial court's reliance on [his] prior criminal history as the leading cause for denying relief is an abuse of discretion." But a court properly "g[i]ve[s] primary weight to [a] [d]efendant's extensive criminal history" when his prior convictions "reflect a career criminal who is unable to remain out of prison for more than a few years at a time." (*People*

12

*v. Mendoza* (2022) 74 Cal.App.5th 843, 857.)  As the court noted at the resentencing hearing, here, defendant had been incarcerated since he was 22 years old, only lasting out on parole for four *months* before being arrested for his current convictions. The trial court properly considered this countervailing factor at defendant's resentencing hearing.

<u>Lastly</u>, in his supplemental brief, defendant points to our Supreme Court's recent grant of certiorari in *People v. Shaw* (July 12, 2024, C098821) [nonpub. opn.]), review granted September 25, 2024, S286453 (*Shaw*), to decide whether multiple prior convictions arising out of a single act that harms multiple victims may constitute separate strikes under the Three Strikes law.

Defendant urges us to recognize that, if the Supreme Court answers this question in the negative, "[defendant] potentially only suffered from three, not eleven prior strikes[,]" in which case "the trial court [would have] relied on an improper premise" in declining to strike any of defendant's prior strike convictions.[8] This, defendant argues, would constitute an abuse of discretion in resentencing.

We reject this argument for multiple reasons.  First and foremost, "an unpublished opinion cannot be relied on by a party." (*People v. Superior Court (Clark)* (1994) 22 Cal.App.4th 1541, 1548; see also Cal. Rules of Court, rule 8.1115.)  Defendant cites no authority for the proposition that, despite this long-standing rule, a party may rely on an order granting review of an

---

[8]     As defendant concedes, "three prior strikes still are significant" under the Three Strikes law.  We agree that the technical difference between three and eleven prior strikes would likely have a negligible practical impact on defendant's sentence.

unpublished appellate opinion.  (See *People v. Stanley* (1995) 10 Cal.4th 764, 793 ["'[E]very brief should contain a legal argument with citation of authorities on the points made.  If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.  [Citations.]'"].)  The appropriate remedy when a party violates the rule against citing unpublished opinions is to "not consider the unpublished" material, as we do here.  (*People v. Russo* (2001) 25 Cal.4th 1124, 1133, fn. 1.)

Additionally, even if we *were* to consider the Supreme Court's order granting review of *Shaw*, *supra,* C098821, defendant's speculative arguments about the outcome of that proceeding do not establish that the trial court abused its discretion at his resentencing hearing.  A grant of appellate review does not guarantee a certain result or suggest a new rule of law.  And at present, defendant cites—and we find—no appellate authority extending the rule against imposing separate strikes for multiple convictions arising out of an act against *one* victim (*People v. Vargas* (2014) 59 Cal.4th 635, 646–647) to multiple convictions based on a single act that harms *many* victims.[9]

---

[9]	Meanwhile, ample authority suggests a contrary rule.  (See, e.g., *People v. Rusconi* (2015) 236 Cal.App.4th 273, 280 ["[T]he far greater culpability of criminals who injure more than one victim, and the latter's subjection to multiple punishments, was well settled long before adoption of the [T]hree [S]trikes law in 1994.  [Citation.]  It is not reasonable to believe the authors of the [new] law nonetheless intended that . . . violent offenders who injure multiple victims should be treated like offenders who only injure one individual"].)

We decline to remand this case based solely on the possibility that our Supreme Court may, at some point in the future, agree with defendant and change how prior strike convictions are calculated.

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
RICHARDSON


15